**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Stephen Jay SONGER, Defendant–Appellant.**

No. 87–1344.

United States Court of Appeals, Tenth Circuit.

March 21, 1988.

Clark O. Brewster (David A. Mullon Jr. with him on the brief), Tulsa, Okl., for defendant-appellant.

Keith Ward, Asst. U.S. Atty. (Tony M. Graham, U.S. Atty., with him on the brief), Tulsa, Okl., for plaintiff-appellee.

Before McKAY and MOORE, Circuit Judges, and BURCIAGA *, District Judge.

McKAY, Circuit Judge.

Legal counsel for a fugitive criminal defendant appeals from a sentence of property forfeiture imposed upon his client following a trial *in absentia*. Stephen Jay Songer was indicted under 21 U.S.C. § 848 (1982 & Supp. II 1984) for participating in a continuing criminal enterprise of marijuana and cocaine smuggling. Rather than submit to detention following his indictment, Mr. Songer elected to pay a cash bond imposed by the district court to ensure his appearance at future proceedings. Though he subsequently attended several pre-trial hearings and a scheduling conference in the seven-month period between his indictment and the scheduled date of his jury trial, Mr. Songer broke off all contact with his counsel approximately one week before the start of trial and is assumed to have fled the United States.

Upon learning that Mr. Songer had become a fugitive, the government moved for a trial *in absentia*. In its review of the motion, the district court found that the "defendant voluntarily and intentionally absented himself to avoid trial," Record, vol. 1, doc. 178 (Order of September 23, 1986), at 5, and that, consequently, Mr. Songer had waived his right to be present at the proceedings. *Id.* The court then declared

that trial would go forward in Mr. Songer's absence. *Id.* at 10.

The jury returned a general verdict of guilty on all counts of the indictment and a special verdict requiring forfeiture of Mr. Songer's interest in certain real and personal property as prescribed by 21 U.S.C. § 853 (1984). In its Judgment of Forfeiture, the district court declared that title to or interest in the forfeited property had become vested in the federal government, which would hold the property pending the anticipated appeal of Mr. Songer's conviction. In a contemporaneous Order of Forfeiture, the court set out at length the facts and circumstances that it believed justified the forfeiture and again directed the government to seize and care for the property. 655 F.Supp. 861.

In this appeal Mr. Songer's counsel has asked us to decide (1) whether the district court's Judgment of Forfeiture and Order of Forfeiture violated the prohibition against sentencing *in absentia* found in Rules 32 and 43 of the Federal Rules of Criminal Procedure and (2) whether the Judgment of Forfeiture and Order of Forfeiture violated the sentencing provisions of 18 U.S.C. § 3554 (1984), 21 U.S.C. § 848 (1982 & Supp. II 1984), and 21 U.S.C. § 853 (1984).

The government concedes that the forfeiture of property mandated by 21 U.S.C. § 853 is an element of the sentence imposed upon Mr. Songer. *See* Brief of Appellee at 5. It also appears to recognize that virtually all federal courts that have examined sentencing *in absentia* have rejected the practice.[1] *Id.* Nonetheless, the government asks us to discard a widely recognized and salutary sentencing rule because, in the government's view, current practice under the rule is logically untenable.

The government argues that since the Constitution allows trial *in absentia*, by

* Honorable Juan G. Burciaga, United States District Judge for the District of New Mexico, sitting by designation.

1. In *United States v. Villano*, 816 F.2d 1448, 1452 (10th Cir.1987), a case decided five months before oral argument was heard in this appeal,

this court stated that a defendant's right to be present at sentencing, as guaranteed by Rule 43 of the Federal Rules of Criminal Procedure, is "fundamental to the entire law of criminal procedure."

implication sentencing *in absentia* is equally permissible. Citing *Lewis v. United States*, 146 U.S. 355, 13 S.Ct. 186, 36 L.Ed. 1003 (1892), the government points out that while the right to confront one's accusers is guaranteed by the Sixth Amendment to the Constitution, the Supreme Court has held that a defendant may waive that due process guarantee by willfully absenting himself from trial. Then drawing on the rationale of *Brewer v. Raines*, 670 F.2d 117, 119 (9th Cir.1982), the government concludes that "[t]o hold that the Constitution permits a person to be tried and convicted while voluntarily absent, and yet, somehow, precludes the sentencing *in absentia* of the same person would be, at the least, anomalous." Brief of Appellee at 6-7.

The flaw in the government's argument is that it does not respond to the claims Mr. Songer's counsel has raised on appeal. Counsel has not challenged the forfeiture of property as a violation of Mr. Songer's constitutional rights. Instead, he has asserted the very different proposition that the sentencing of Mr. Songer *in absentia* violates the Federal Rules of Criminal Procedure. The significance of this distinction —and its importance to the resolution of this appeal—becomes apparent from a comparison of "the right to be present for trial" afforded by the Constitution and the privilege of presence extended to a defendant by Rule 43 of the Federal Rules of Criminal Procedure.

In *Snyder v. Massachusetts*, 291 U.S. 97, 107, 54 S.Ct. 330, 332-33, 78 L.Ed. 674 (1934), Justice Cardozo warned that

> [c]onfusion of thought will result if we fail to mark the distinction between requirements in respect of presence that have their source in the common law, and requirements that have their source, either expressly or by implication, in the federal constitution.

"The privilege of confrontation [under the Sixth Amendment]," Justice Cardozo explained, "is limited to the stages of the trial when there are witnesses to be questioned," and "[s]o far as the Fourteenth Amendment is concerned, the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Id.* at 107-08, 54 S.Ct. at 333. The essence of Justice Cardozo's remarks in *Snyder* is preserved in the Court's more recent opinion in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Commenting on the rights only implied by the text of the Constitution, yet essential to due process of law, the Court noted: "It is now accepted, for example, that an accused has a right to be present at all stages of the trial *where his absence might frustrate the fairness of the proceedings....*" *Id.* at 819 n. 15, 95 S.Ct. at 2533 n. 15 (emphasis added).

In contrast to a defendant's constitutional right to be present at trial, one based principally on the confrontation clause, the privilege of presence implemented by Rule 43 stands on not only a constitutional foundation, *United States v. Gagnon*, 470 U.S. 522, 526, 105 S.Ct. 1482, 1484, 84 L.Ed.2d 486 (1985) (due process clause of the Fifth and Fourteenth Amendments and the confrontation clause of the Sixth Amendment), but a common-law footing as well. The Notes of the Advisory Committee on the Federal Rules of Criminal Procedure disclose that, when first promulgated, Rule 43 was intended to preserve the sweeping statement of law in *Lewis v. United States*, 146 U.S. 370, 372, 13 S.Ct. 136, 137, 36 L.Ed. 1011 (1892), that "after indictment ... nothing shall be done in the absence of the prisoner." [2] The decision in *Lewis*, as Justice Cardozo explained in *Snyder*, was founded upon common-law principles, not constitutional considerations. *See id.* at 117 n. *, 54 S.Ct. at 336 n. *.

The privilege of presence recognized in *Lewis* was rejected as a constitutional principle in *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), which held that the trial judge may exclude a

---

**2.** Rule 43 was also intended to maintain the rule in *Diaz v. United States*, 223 U.S. 442, 455, 32 S.Ct. 250, 253-54, 56 L.Ed. 500 (1912), regarding the defendant's prerogative to waive his right to be present.

defendant from the courtroom when his presence would disrupt the decorum of the proceedings. *Id.* at 343–44, 90 S.Ct. at 1060–61. Nonetheless, the privilege survives as a common law doctrine which, as restated in Rule 43, requires the defendant's presence at certain stages of the prosecution. One of those stages is the imposition of sentence.

Various justifications have been advanced for maintaining the common law's broad gauge privilege of presence at sentencing; one commentator has provided the following thoughtful summary:

Presence is of instrumental value to the defendant for the exercise of other rights, such as to present mitigating evidence and challenge aggravating evidence, and it may also be advantageous to him that the decision maker be required to face him. The state may have an interest in the presence of the defendant in order that the example of personal admonition might deter others from similar crimes. Moreover, it may sometimes be important that the convicted man be called to account publicly for what he has done, not to be made an instrument of the general deterrent, but to acknowledge symbolically his personal responsibility for his acts and to receive personally the official expression of society's condemnation of his conduct. The ceremonial rendering of judgment may also contribute to the individual deterrent force of the sentence if the latter is accompanied by appropriate judicial comment on the defendant's crime.

However, there is an additional and perhaps more fundamental justification for the right to be personally present. Respect for the dignity of the individual is at the base of the right of a man to be present when society authoritatively proceeds to decide and announce whether it will deprive him of life or how and to what extent it will deprive him of liberty. It shows a lack of fundamental respect for the dignity of a man to sentence him in absentia. The presence of the defendant indicates that society has sufficient confidence in the justness of its judgment to announce it in public to the con-

victed man himself. Presence thus enhances the legitimacy and acceptability of both sentence and conviction.

Note, *Procedural Due Process at Judicial Sentencing for Felony,* 81 Harv.L.Rev. 821, 831 (1968). Doubtless none of these benefits would accrue to the defendant, the judicial system, or society if Rule 43 were not understood to afford a greater degree of protection for a defendant than that provided by the Constitution.

Even the arrangement of text in Rule 43 reflects the Rule's non-constitutional roots, emphasizing the common-law notion that the defendant must be present for sentencing, while undercutting attempts at analogy between the imposition of sentence and other stages of trial. In relevant part, the Rule states:

**(a) Presence Required.** The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

**(b) Continued Presence Not Required.** The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived his right to be present whenever a defendant, initially present,

(1) voluntarily absents himself after the trial has commenced (whether or not he has been informed by the court of his obligation to remain during the trial), or

(2) after being warned by the court that disruptive conduct will cause him to be removed from the courtroom, persists in conduct which is such as to justify his being excluded from the courtroom.

Subsection (a) of the Rule restates the general common-law proposition that felony trial proceedings may occur only in the presence of the defendant. All stages of trial come within its ambit "except as otherwise provided," as does the imposition of sentence. In plain terms, subsection (a) is a restriction on the power of the court to conduct proceedings without the presence of a defendant. So viewed, the require-

ments of subsection (a) are not subject to waiver. *Cf. United States v. Broce,* 781 F.2d 792 (10th Cir.1986). Subsection (b) carves out of the general rule in subsection (a) two exceptions triggered by extraordinary circumstances. But the reach of subsection (b) is limited to trial proceedings occurring up "to and including the return of the verdict." The rule that the defendant must attend his sentencing is not subject to any exception.

We hold that the district court's imposition of the sentence of forfeiture under 21 U.S.C. § 853 in Mr. Songer's absence violates Rule 43(a) of the Federal Rules of Criminal Procedure. The Judgment of Forfeiture and Order of Forfeiture entered by the district court are vacated. The case is remanded with instructions to sentence Mr. Songer in accordance with Rule 43 once he has been brought personally before the court. Given our disposition of this issue, we do not address the claims asserted under Rule 32 of the Federal Rules of Criminal Procedure or the arguments grounded in 18 U.S.C. § 3554 and 21 U.S.C. §§ 848 and 853.

REVERSED and REMANDED.