**UNITED STATES, Appellee,**

v.

**Private First Class Christopher I. REYNOLDS, 592–40–7407, United States Army, Appellant.**

**ARMY 9500984.**

U.S. Army Court of Criminal Appeals.

29 Aug. 1996.

For Appellant: Colonel Stephen D. Smith, JA; Lieutenant Colonel Michael L. Walters, JA; Captain Matthew A. Myers, Sr., JA (on brief).

For Appellee: Colonel John M. Smith, JA; Lieutenant Colonel Eva M. Novak, JA; Major Anthony P. Nicastro, JA; Captain Joanne P. Tetreault, JA (on brief).

Before GRAVELLE, JOHNSTON, and ECKER, Appellate Military Judges.

## OPINION OF THE COURT

JOHNSTON, Judge:

Contrary to his pleas, the appellant was found guilty at a general court-martial composed of officer members of attempted larceny and housebreaking in violation of Articles 80 and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 930 (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for six months, forfeiture of $500.00 pay per month for six months, and reduction to Private E1.

This case is before the court under the automatic review provisions of Article 66, UCMJ, 10 U.S.C. § 866. The primary issue in this case is whether the military judge erred to the substantial prejudice of the appellant in conducting the initial session of the court-martial via a speaker telephone. We conclude that the military judge erred, but that the appellant suffered no prejudice and

* Judge Alfred F. Arquilla took final action in this case prior to his reassignment.

thus is entitled to no relief as to findings or sentence.

Article 39(a)(3), UCMJ, 10 U.S.C. § 839(a)(3), in pertinent part, authorizes the military judge to "call the court into session" for the purpose of "holding the arraignment and receiving the pleas of the accused." Pursuant to a general court-martial convening order issued by the Commander, U.S. Army Training Center and Fort Jackson, the military judge in this case called the court-martial into session from Fort Stewart, Georgia, while the accused and counsel were located in a courtroom at Fort Jackson, South Carolina. Each courtroom contained a speaker telephone so that all parties simultaneously could hear what was being said at either location.

The military judge at Fort Stewart advised the appellant by telephone that he had an absolute right to have the military judge physically present in the courtroom at Fort Jackson for the session. He also advised the appellant that he would not be penalized in any way for insisting that the military judge be present in person. The military judge stated on the record that the proposed procedure "only saves the court some time and the United States some TDY and travel money." The appellant then consented to the session occurring over the speaker telephone instead of having the military judge physically present in the courtroom. Both counsel concurred.

During the telephonic session, the military judge advised the appellant of his rights to counsel and his choices regarding the composition of the court-martial. He also questioned the appellant about his waiver of the pretrial investigation that would have been conducted in accordance with Article 32, UCMJ, 10 U.S.C. § 832. In addition, the appellant was arraigned. Finally, the military judge advised the appellant about the legal significance of the arraignment process. At a face-to-face pretrial session convened several weeks later, the military judge did not further advise the appellant of his rights or otherwise question him about his understanding of the telephonic proceedings.

Although the appellant submitted the case on the merits without assigning error for appellate review, this court ordered the appellant and the government to file briefs on the following specified issues:

WHETHER THE MILITARY JUDGE ERRED BY CONDUCTING PRELIMINARY PROCEEDINGS, INCLUDING ARRAIGNMENT, BY COMMUNICATING WITH THE APPELLANT VIA TELEPHONIC SPEAKERPHONE. *SEE* ARTICLE 39, UNIFORM CODE OF MILITARY JUSTICE; RULES FOR COURTS–MARTIAL 804 AND 805.

IF THE MILITARY JUDGE ERRED, WHETHER THE APPELLANT'S EXPRESSED WILLINGNESS TO CONDUCT PRELIMINARY PROCEEDINGS VIA SPEAKERPHONE WAIVED THE ERROR.

■ Several provisions of the UCMJ address the issue of the presence of the military judge, counsel, and an accused at preliminary sessions of a court-martial.

Article 39(a), UCMJ, in pertinent part, specifies that the preliminary proceedings of a court-martial "shall be conducted *in the presence of* the accused, the defense counsel, and the trial counsel and shall be made part of the record." (Emphasis added.)

Article 39(b), UCMJ, requires that, with the exception of deliberations and voting, "[a]ll other proceedings" of a court-martial "shall be *in the presence of* the accused, the defense counsel, the trial counsel, and in cases in which a military judge has been detailed to the court, the military judge." (Emphasis added.)

Article 26(a), UCMJ, 10 U.S.C. § 826(a), specifies that a military judge "shall preside over each open session of the court-martial" to which he has been detailed.

Article 36, UCMJ, 10 U.S.C. § 836 authorizes the President to prescribe rules of procedure for courts-martial. These Rules for Courts–Martial [hereinafter R.C.M.], which have the force and effect of law, may not be "contrary to or inconsistent with" other provisions of the UCMJ. *See* UCMJ art. 36. Acting pursuant to this authority, the President has prescribed several procedural rules

that deal with the "presence" of the parties at a court-martial.

Rule for Courts–Martial 803 is entitled "Court-martial sessions without members under Article 39(a)." That rule states in pertinent part that:

· A military judge [may] call the court-martial into session without the members.... All such sessions are a part of the trial and shall be conducted *in the presence of* the accused, defense counsel, and trial counsel.... (Emphasis added.)

Rule for Courts–Martial 804, entitled "Presence of the accused at trial proceedings" provides:

(a) *Presence required.* The accused *shall be present* at the arraignment, the time of the plea, [and] every stage of the trial including sessions conducted under Article 39(a).[1]

(b) *Continued presence not required.* The further progress of the trial ... shall not be prevented and the accused shall be considered to have waived the right to be present whenever an accused, *initially present:* (1) is voluntarily absent *after* arraignment ...; or (2) after being warned [persists in disruptive conduct]. (Emphasis added.)

Rule for Courts–Martial 805, "Presence of military judge, members, and counsel" addresses the procedural requirements of the proceedings:

(a) *Military judge.* No court-martial proceedings, except the deliberations of the members, may take place in the absence of the military judge, if detailed....

(c) *Counsel.* As long as at least one qualified counsel for each party *is present,* other counsel for each party may be absent from a court-martial session.[2] (Emphasis added.)

Neither the UCMJ nor the R.C.M. define the meaning of "presence" or "present" in the pertinent provisions cited above. Also, neither specifies whether "in the presence of" means actual physical presence or may include the type of telephonic procedure utilized in this case.[3]

"Presence" is defined in Webster's Third New International Dictionary 1793 (1981) as:

the fact or condition of being present: the state of being in one place and not elsewhere: the condition of being within sight or call, at hand, or in a place being thought of: the fact of being in company, attendance or association: the state of being in front of or in the same place as someone or something.

1. Rule for Courts–Martial 804(a) is very similar to Federal Rules of Criminal Procedure 43(a) [Fed.R.Crim.P.], "Presence of the Defendant." That provision states: "(a) *Presence Required.* The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule." It is clear from the 1947 Notes of the Advisory Committee on Rules that the first sentence of the Fed.R.Crim.P. 43(a) was a restatement of existing law in setting forth the necessity of the defendant's presence at arraignment. Although not explicitly stated in the provision, federal courts have construed the rule to allow a televised arraignment upon a showing of necessity. In *Valenzuela–Gonzalez v. U.S. D.C. for D. of Arizona,* 915 F.2d 1276 (9th Cir.1990), the court held that absent a showing of necessity, as opposed to mere convenience, a closed circuit televised arraignment did not constitute substantial compliance with Federal Rule of Criminal Procedure 43. In the case before us, the justification put forth by the military judge for utilizing the telephonic procedure, saving the court "some

time and the United States some TDY and travel money," falls far short of a "showing of necessity" that might justify use of a television circuit in the federal system. *See United States v. Washington,* 705 F.2d 489, 497 n. 4 (D.C.Cir.1983)(per curiam)(closed-circuit television satisfies the requirement of Rule 43 when considered necessary by the court because of unruly behavior by the accused during voir dire).

2. R.C.M. 805 has no counterpart in the Federal Rules of Criminal Procedure.

3. We note that R.C.M. 802 authorizes a military judge to hold conferences with the parties before or during trial to consider matters that "will promote a fair and expeditious trial." Unlike R.C.M. 803, 804, and 805 that specifically mention the presence of the parties, conferences conducted by a military judge pursuant to R.C.M. 802 may be conducted by radio or telephone. *See* R.C.M. 802, discussion. Thus, the drafters of the R.C.M. contemplated telephone communications for R.C.M. 802 conferences but not for Article 39a sessions.

On the other hand, being "present" is defined as

> being in one place and not elsewhere: being within reach, sight, or call or within contemplated limits: being in view or at hand: being before, beside, with, or in the same place as someone or something.

Webster's at 1793. Consequently, the statutory and R.C.M. provisions cited above appear to require that the military judge, accused, and counsel all to be at one location for the purpose of a court-martial. This interpretation not only comports with custom and tradition, but also is the one that best guarantees justice.[4] For these reasons, we are satisfied that the telephonic procedures utilized in this case, when based on the meager justification of saving time and travel funds between two installations approximately 150 miles apart, did not comport with any reasonable concept of "presence" anticipated by the UCMJ and R.C.M.

Despite our reservation that the telephonic procedure utilized here would ever pass Codal and Manual muster, we need not reach the ultimate issue of defining or limiting the permissible scope of the term "presence" at a time of rapidly evolving technology. We hold only that it was error to use a speaker telephone to conduct all preliminary procedures up to and including arraignment for the reasons given by the military judge and under the circumstances presented here.

■ Although we find that the military judge in this case erred by utilizing the telephonic Article 39(a) session, the appellant is entitled to relief only if the error "materially prejudiced [his] substantial rights."[5] In this case the appellant consented to the procedure and attempted to waive the statutory and regulatory requirements concerning the presence of the parties. In his original filing before this court, the appellant did not attack the speakerphone procedure as error or allege that any of his substantial rights were adversely affected. The procedures used in this case were correct in all material aspects except that they were conducted over a speakerphone rather than in person. The appellant would receive an undeserved windfall if we were to set aside the findings and sentence because of a procedure that was used with his and his counsel's consent. This court-martial involved several preliminary sessions conducted pursuant to Article 39(a),

---

4. The military judge in this case conducted the pretrial session of the court-martial by telephone. Thus, he was not in a position to observe the most elemental aspects of the court-martial process—i.e. that the accused was present in court, that he was capable, by reason of intelligence and sobriety, to participate in the proceedings, and that the responses he provided to the military judge's questions were his own. In addition, the military judge was unable to evaluate the demeanor of the accused when he advised him about his right to counsel and right to select the forum for the court-martial. Observations of subtle changes in demeanor or perceptions of so-called "body language" may indicate to a military judge that an accused really does not understand his rights and needs additional instruction for complete understanding.

Furthermore, we fail to see how the military judge could supervise the proceedings and ensure appropriate decorum when he was unable to see the participants and any spectators in the courtroom. A military judge who cannot see the proceedings is incapable of performing his duty under Article 26, UCMJ, "to preside over each session of the court-martial to which he is detailed." As a military appellate court, we review and "see" the court-martial proceedings through the eyes of the military judge. The judge must be able to participate in a full and meaningful way,

bringing all one's faculties to bear, if necessary. Otherwise, the reliability of the trial process and appellate review may be affected adversely.

The Congress could have drafted Articles 26 and 39, UCMJ, in such a way that telephones or ship-to-shore communications could be used in the preliminary sessions of a court-martial. It did not. Consequently, we are concerned about the perception of the public to the procedures utilized in this case. The use of the speaker telephone and the appellant's purported waiver of the presence of the military judge were reported verbatim in slightly more than one page of the record of trial. A person entering the Fort Jackson courtroom a few moments after that colloquy over the telephone would be puzzled to see a speaker telephone presiding over the session rather than a military judge seated on the bench wearing a judicial robe. A disembodied voice is not the portrayal of a military judge in the military justice system that should be presented to the public.

5. Article 59, UCMJ, 10 U.S.C. § 859, specifies in pertinent part that: "[A] finding or sentence of a court-martial may not be held incorrect on the grounds of an error of law unless the error materially prejudices the substantial rights of the accused."

UCMJ. When viewed as a whole, these procedures did not depart from the standards of fairness in such a way as to undermine public confidence in the military justice system. Thus, we are satisfied, on the facts of this case, that the appellant suffered no prejudice.

We have considered the matters submitted by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge GRAVELLE and Judge ECKER concur.