UNITED STATES of America, Plaintiff,

v.

Marvin MULLIGAN, Defendant.

No. 88–CR–90020.

United States District Court,
E.D. Michigan,
Southern Division.

March 13, 1998.

F. William Soisson, Asst. U.S. Atty., Detroit, MI, for Plaintiff.

Marvin Mulligan, Southfield, MI, Pro se.

### OPINION AND ORDER DENYING DE-FENDANT'S MOTION FOR THE RETURN OF PROPERTY

DUGGAN, District Judge.

This matter is before the Court on defendant Marvin Mulligan's motion for the return of property pursuant to Fed.R.Cr.P. 41(e). For the reasons set forth in this Opinion and Order, defendant's motion is denied.

#### Background

On October 20, 1988, defendant was named in an indictment. The indictment charged defendant with tax evasion, conspiracy to defraud the United States, failure to file income tax returns, conspiracy to possess with intent to distribute heroin and cocaine, and possession with intent to distribute cocaine. Count ten of the indictment covered criminal forfeitures.

On August 17, 1989, defendant was arraigned, pled not guilty, and a $100,000 personal bond was ordered and filed.

The trial was scheduled for December 1989. Defendant failed to appear for trial and he was tried *in absentia* between February 26, 1990 through March 1, 1990, and was convicted on all counts. Defendant remained a fugitive until he surrendered to authorities in 1993.

On March 31, 1991, defendant's wife, Joy Mulligan, entered into a consent judgment of forfeiture pursuant to 21 U.S.C. §§ 853 and 881(a)(6). (Def. Ex. B.) The consent judgment ordered the forfeiture of $149,873.16 in proceeds from the sale of certain real property and jewelry items.

Defendant subsequently turned himself in to the authorities, and on November 5, 1993, he moved to set aside his 1990 conviction pursuant to *Crosby v. United States*, 506 U.S. 255, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993) (holding that Fed.R.Civ.P. 43) prohibits trials *in absentia* (of defendants who are not present at the beginning of trial). This motion was granted by Judge George La Plata. On November 5, 1993, defendant and the government entered into a Rule 11 plea agreement pursuant to Fed.R.Crim.P. 11(e)(1)(C) in which defendant agreed to plead guilty to counts 6 (filing a false income tax return) and 9 (possession with intent to distribute heroin, aiding and abetting) of the indictment, and the government agreed to dismiss the other charges pursuant to Rule 11(e)(1)(A).

On November 15, 1996, defendant (and his wife Joy Mulligan),[1] filed a motion pursuant to Fed.R.Crim.P. 41(e) seeking an order of this Court returning the real property and jewelry items.

#### Discussion

■ Defendant argues that the government lacked jurisdiction to seize his property because his conviction was vacated and count 10 of the indictment, which provided for criminal forfeiture of his property, was dismissed pursuant to the Rule 11 plea agreement.[2]

■ Rule 41(e) provides in pertinent part, "A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property." Because there are no criminal proceedings pending against defendant, the Court must treat this motion as a civil equitable proceeding, and the Court must "balance the competing equities in deciding whether a return [is] in order." *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir.1990).

■ Defendant, relying on *United States v. Songer*, 842 F.2d 240 (10th Cir.1988), contends that Judge La Plata could not impose a sentence of criminal forfeiture in defendant's absence. In *Songer*, the defendant had fled the trial court's jurisdiction, and he was tried and convicted *in absentia*. The jury's verdict included a special verdict requiring for-

---

**1.** Joy Mulligan filed a "limited joinder" to the motion of Marvin Mulligan.

**2.** Defendant also argues that he was never notified of the criminal forfeiture. Because the indictment indicated the government's intent to seek forfeiture of defendant's property and because the property was forfeited while he was a fugitive, the Court does not accept his argument that he was not afforded adequate notice of the forfeiture.

feiture of certain of the defendant's property, and the district court subsequently issued a judgment of forfeiture. The *Songer* court held that the judgment of forfeiture violated Fed.R.Cr.P. 43, which requires the presence of defendants at every stage of their trial and at sentencing. The court then vacated that the judgment of forfeiture.

■ The government counters that the forfeiture is valid because defendant later pled guilty to a drug offense and because his wife had agreed to a consent judgment regarding the property at issue. (Pl. Br. at 1–2.) The Court does not accept the government's argument. The consent judgment was based on defendant's trial *in absentia.* Judge La Plata vacated defendant's conviction, including the jury's determination that criminal forfeiture was an appropriate punishment; defendant's subsequent plea agreement made no mention of the criminal forfeiture. In this Court's opinion, the government never obtained a valid forfeiture with respect to defendant's rights in the property.[3] *See Libretti v. United States,* 516 U.S. 29, 47–49, 116 S.Ct. 356, 367, 133 L.Ed.2d 271 (stating that Fed.R.Crim.P. 31(e) creates a right to jury, determination of forfeitability). Therefore, the Court concludes that the property was not properly forfeited.

■ The government argues in the alternative that defendant cannot recover the property because his motion is barred under the doctrine of laches. The defense of laches is available in a motion for the return of property. *See Vance v. United States,* 965 F.Supp. 944, 946 (E.D.Mich.1997); *see also United States v. Marolf,* 973 F.Supp. 1139, 1148 (C.D.Cal.1997).[4] "Dismissal of a claim on the ground of laches requires that there be (1) unreasonable and unexcused delay in

bringing the claim, and (2) material prejudice to the defendant as a result of the delay." *Vance,* 965 F.Supp. at 946. "When applying the equitable doctrine of laches in order to bar a claim, the period of delay is measured from when the claimant had actual notice of the claim or would have reasonably expected to inquire about the subject matter." *Advanced Cardiovascular v. Scimed Life,* 988 F.2d 1157, 1161 (Fed.Cir.1993).

■ Defendant was indicted in October 1988. On August 17, 1989, he was arraigned and he filed a $100,000 personal appearance bond. Defendant, however, failed to appear for his trial, which was scheduled to begin in December 1989. There is no dispute that the property was seized in 1989 and that defendant failed to move for its return, or even to defend against the forfeiture in his criminal trial. On November 5, 1993, Judge LaPlata granted defendant's oral motion to set aside the verdict,[5] and on this date, defendant pled guilty to Count 6 (filing a false tax return) and Count 9 (possession with intent to distribute heroin, aiding and abetting). Defendant was sentenced on January 11, 1994.

Defendant, however, did not file a motion for a return of his property until November 15, 1996, almost seven years after the seizure of his property. The Court concludes that defendant's long delay in bringing this claim is unreasonable and unexcused.

■ Defendant argues, however, that the "period of delay" should be gauged from the time that his conviction was vacated in November 1993, not from the time that the seizure occurred in 1989. The Court does not agree. The laches doctrine is "based upon the maxim that equity aids the vigilant and not those who slumber on their rights." *Black's Law Dictionary* 875 (6th Ed.1990). Here, defendant took no steps to recover his property by defending himself at trial. In

---

3. The fact that defendant's wife consented to a consent judgment of forfeiture may bar her claim, but her consent cannot affect any rights defendant may have with respect to the property in question.

4. Because the Court determines this matter under the laches doctrine, it does not reach the government's alternative argument that this action is barred under the 28 U.S.C. § 2401(a)'s six year statute of limitations or a three year statute of limitations for "constitutional tort claims."

*See Vance,* 965 F.Supp. at 946 ("Due to the lack of recognizable uniform application of the general six-year statute of limitations to equitable actions challenging a deficient administrative forfeiture procedure, and the compelling facts of this case, the Court finds the application of the laches analysis to be appropriate in this case.")

5. The order granting defendant's motion for a new trial and vacating the jury verdict was entered on November 8, 1993.

the Court's view, defendant showed a blatant disregard for his rights to the property by fleeing from justice. Furthermore, even if the Court were to accept that the "period of delay" did not begin until November 1993, the Court would conclude that defendant waited too long to assert his rights to the property, given that the seizure had occurred years earlier and that defendant's conduct in fleeing justice was the ultimate cause of the delay in resolving the forfeiture issue. Defendant has presented no legitimate excuse for his three year delay in bringing the instant motion.[6] If he felt entitled to the property due the invalidity of his conviction, he could have resolved the issue in his plea agreement with the government, or he could have filed his motion much sooner.

Defendant does not dispute the government's claim that it is prejudiced by defendant's delay. 19 U.S.C. § 1621's five year limitations period for bringing a forfeiture preceding has expired. To force the government to return the property without the chance of obtaining its forfeiture would be inequitable in light of the facts of this case.

Accordingly,

**IT IS ORDERED** that defendant's motion for the return of property is **DENIED**.

---

6. Defendant argues that the time period did not begin to run until his resentencing on January 11, 1994, thereby shorting his delay in bringing this motion to under three years; however, defendant offers no support for his assertion that the Court could order the forfeiture of his property at his resentencing. Defendant also asserts that he wrote to the DEA and this Court requesting the return of his property in early 1996. The Court does not believe that defendant's letters excuse his delay in bringing this motion.