**UNITED STATES of America, Plaintiff,**

v.

**Samuel Pasqual EDMONDSON and Salvador Vargas Navarro, Defendants.**

**No. 4:96–CR–63.**

United States District Court,
E.D. Texas,
Sherman Division.

July 22, 1998.

Thomas Scott Smith, Sherman, TX, Charles E. Chatman, McKinney, TX, for Samuel Pasqual Edmondson.

George Patrick Black, Federal Public Defender, Tyler, TX, for Salvador Vargas Navarro.

William Reid Wittliff, U.S. Attorney's Office, Sherman, TX, for U.S.

## COURT'S FINDINGS REGARDING SENTENCING BY VIDEO CONFERENCE

SCHELL, Chief Judge.

### I. BACKGROUND OF THIS CASE

On December 12, 1996, a federal grand jury returned a two-count indictment against Samuel Pasqual Edmondson (Edmondson), Salvador Vargas Navarro (Navarro), and Guadalupe Plascencia Lopez (Lopez). Count 1 charged the defendants with conspiracy to possess methamphetamine with the intent to distribute or dispense the drug, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. Count 2 charged the defendants with possession with the intent to distribute or dispense more than 100 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Edmondson and Navarro proceeded to a jury trial on June 9, 1997. The jury found each defendant guilty on both counts.

On September 24, 1998, this court sentenced the defendants in the above-styled case. The sentencing was conducted via live video conference. Edmondson was sentenced to incarceration for life on Count 1 of the indictment, to run concurrently to a life sentence on Count 2. Navarro was sentenced to 360 months imprisonment on each of Counts 1 and 2, to be served concurrently. At the sentencing, Edmondson orally objected to the sentencing being conducted via video conference. In the interests of clarity, this court finds it necessary to enter findings on this issue.

### II. ANALYSIS OF FED.R.CRIM.P. 43

Federal Rule of Criminal Procedure 43(a) requires that the defendant "be present" at his own sentencing. FED.R.CRIM.P. 43(a).[1] Rooted in several common law and constitutional precepts, Rule 43 essentially manifests a long-held precept of the law: after an indictment is handed down, "nothing shall be done in the absence of the prisoner." Lewis v. United States, 146 U.S. 370, 372, 13 S.Ct. 136, 137, 36 L.Ed. 1011 (1892); see also United States v. Gordon, 829 F.2d 119, 122–124 (D.C.Cir.1987) (discussing the history and protections included in Rule 43(a)). The scope of the rule is broader than normal due process protections. Gordon, 829 F.2d at 123. Further, the rule has been interpreted strictly. United States v. Behrens, 375 U.S. 162, 165, 84 S.Ct. 295, 296–97, 11 L.Ed.2d 224 (1963) (combining the right of presence under Rule 43 with the right of allocution under Rule 32). In the context of a sentencing, one justice referred to it as "[t]he elementary

---

1. The text of the rule reads as follows: "Presence Required. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule." FED.R.CRIM.P. 43(a).

right of a defendant to be present at the imposition of sentence and to speak in his own behalf ..." *Id.* at 167–68 (Harlan, J., concurring).[2] The question here is whether a defendant is present under Rule 43(a), when the proceeding is conducted via live video conference. The court is persuaded that the answer is yes.

Rule 43(a) requires that the defendant be "present." The court is of the opinion that the video conference technology used in this case satisfies Rule 43. The video conference technology used by the court in this case allows for real-time communication between the court and the defendant. The judge can both see and hear the defendant, and the defendant can see and hear the judge. The defendant is at all times aware of, and a party to, the proceedings. Moreover, the defendant is not absent, physically or mentally. Other cases examining whether a sentencing or other proceeding was invalid on the basis of Rule 43, which involved defendants who were physically absent from the proceedings in question, are distinguishable from the present case. *Behrens,* 375 U.S. at 163–64 (neither defendant nor defendant's counsel were present); *United States v. Rodriguez,* 23 F.3d 919, 920 (5th Cir.1994) (discussing "presence of the defendant" under Rule 43, where defendant was physically absent from the courtroom); *United States v. Moree,* 928 F.2d 654 (5th Cir.1991) (same); *see also United States v. Tolson,* 129 F.3d 1261, 1997 WL 712922 (4th Cir.1997) (same) (unpublished disposition); *cf. United States v. Baker,* 45 F.3d 837, 845–848 (4th Cir.) (approving the use of video conferencing in involuntary commitment proceedings and examining the relevant distinctions between

civil commitment and criminal punishment), *cert. denied,* 516 U.S. 872, 116 S.Ct. 194, 133 L.Ed.2d 130 (1995). Here, the defendant was not physically absent. To the contrary, he was present in the video conference room in Sherman, Texas, and could witness the entire proceedings.

The court is aware that in *Valenzuela–Gonzalez v. United States,* 915 F.2d 1276, 1280 (9th Cir.1990), the Ninth Circuit disapproved of the use of video conferencing for arraignments under FED.R.CRIM.P. 10 and 43. Rule 10 states that arraignments must be held "in open court." FED.R.CRIM.P. 10. Rule 43 does not contain the "in open court" language. Whether or not this video conference procedure satisfies the "open court" requirement of Rule 10 is not before the court.[3] Nevertheless, the Ninth Circuit stated that either Rule 10 or Rule 43 could serve as a ground for disqualifying the use of video conferencing. *Valenzuela–Gonzalez,* 915 F.2d at 1281 (use of video conference is not substantial compliance with either Rule 10 or Rule 43). The court apparently based its decision on the "plain language" of Rule 43(a), and determined that such language required the defendant to be in the same room as the court for the arraignment. *Id.* Therefore, this court must determine whether to follow the Ninth Circuit's interpretation of Rule 43(a). The court declines to do so.

Webster's unabridged dictionary carries several definitions of the word "present."[4] The following definition appears in the fourth listing for the word:

> **present** ... 2a: being in one place and not elsewhere: being within reach, sight, or call or within contemplated limits: being in view or at hand: being before, beside,

---

2. The court will treat Rules 43 and 32 separately for the purposes of this opinion, although as a practical matter the Rule 43 right of presence at a sentencing and the Rule 32 right of allocution are often combined. *See, e.g., U.S. v. Moree,* 928 F.2d 654, 656 (5th Cir.1991). *See infra* Section IV, for the application of Rule 32 in this case.

3. Although Rule 10 is not at issue in this case, this court believes that Rule 10's "in open court" provision only requires that the public be allowed access to the room or rooms in which the proceeding is taking place. The public is allowed access to the video conference room on either end of the broadcast, and can be allowed

to watch any part of the proceedings. If they choose to do so, they can see exactly what any person in the room on either end sees: a split screen of all the participants in the hearing. Therefore, the court believes that video conference technology, for the purpose of pleas, arraignments, and sentencings, is conducted not only in the presence of the defendant, but also "in open court" so as to satisfy FED.R.CRIM.P. 10.

4. The word is a homonym with several meanings, most of which are not germane to this issue. Only the relevant definition is discussed here.

with, or in the same place as someone or something. . . .

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (UNABRIDGED) 1793 (1967). Further, Blacks' Law Dictionary defines the relevant version of "present" as follows: "Now existing; at hand; relating to the present time; considered with reference to the present time." BLACKS' LAW DICTIONARY 1183 (6th ed.1990).

In this case, the video conference technology allowed the defendant to be present in such a way that satisfied all of the definitions listed above. The defendant was not elsewhere, such as a jail cell or a room where he was unable to hear and see what occurred at the sentencing. He not only watched the sentencing, he participated in it. He was able to affect the proceedings and his own fate in an immediate manner. He was within the call and sight of the court at all times, and the court was within the defendant's call and sight at all times. The defendant was not only at hand, he was actually before the court. He was not absent from the court or from the proceedings. His ability to affect the proceedings, confer with counsel, and to hear and see argument was completely unrestricted. In short, he was as present as if he and the court were in the same room.

The court could find no federal district court or appellate case, including *Valenzuela–Gonzalez,* that attempted to define the word "present" under Rule 43(a). An opinion from the United States Army Court of Criminal Appeals does attempt a definition, however, under a similar rule invoked in courts-martial. *United States v. Reynolds,* 44 M.J. 726, 728–29 n. 1 (1996) (construing the meaning of "presence" and "present" under Rule for Courts–Martial 804(a), described by the court as "very similar" to FED.R.CRIM.P. 43(a)).

In *Reynolds,* the court-martial conducted pre-trial proceedings via telephonic conference, not via video conference. Thus, during the proceedings the court and the defendant could not see one another. *Id.* at 729 n. 4. The court of appeals consulted a definition of "present" similar to that quoted above and concluded that the relevant provisions "appear to require that the military judge, ac-

cused, and counsel all [appear in] one location for the purpose of a court-martial." *Id.* at 729. Among the fears of the appeals court was the court's inability to read the body language of the defendant, to determine whether the defendant truly understood the nature of the proceedings, and the public appearance of a military court conducting a session over the telephone. *Id.* at 729 n. 4.

Here, the proceeding was conducted via video conference, not by telephone. The court has no doubt that a proceeding via telephone would violate Rule 43(a), since the entire meaning of the word "present" conveys an immediate and instant ability to see as well as hear, to be "at hand." Therefore, *Reynolds* is distinguishable on its facts. Further, the U.S. Army Court of Appeals' decision seems based on two main factors: the Ninth Circuit decision in *Valenzuela–Gonzalez,* and the fact that the participants in the court-martial could not see one another. This court has already distinguished *Valenzuela–Gonzalez,* and the second concern is not an issue with video conference since all participants can see one another fully.

Therefore, for the reasons detailed above, the court declines to follow *Valenzuela–Gonzalez* and *Reynolds.* The court finds that the defendant was present at his own sentencing, as required by Federal Rule of Criminal Procedure 43(a).

### III. SIXTH AMENDMENT CONFRONTATION CLAUSE

Having determined that the defendant was present under Rule 43(a), there may be no need for further analysis. However, some confusion may result from another extant case involving the Sixth Amendment confrontation clause. The right to confrontation is similar to, but not the same as, the right to be present at trial. *Securities and Exchange Comm'n. v. Kimmes,* 759 F.Supp. 430, 435 (N.D.Ill.1991). The right to confrontation is based on the Sixth Amendment confrontation clause. *See United States v. Songer,* 842 F.2d 240, 242–244 (10th Cir.1988) (examining the differences between the confrontation clause and Rule 43(a)). The right to be present at one's own sentencing under Rule 43(a), however, origi-

nates partially from the Constitution and partially from notions of due process derived from common law. *Id.* at 242; *see also Kimmes,* 759 F.Supp. at 436. In order to avoid confusion, they should be tested separately. *See Songer,* 842 F.2d at 242.

■ In the interest of completeness, the court now turns to the issue of whether sentencing via video conference violates any right to confrontation that the defendant may have. In *Maryland v. Craig,* the Supreme Court held that testimony via video conference could satisfy the confrontation clause if (a) the video conference was "functionally equivalent to that accorded live, in-person testimony," and (b) the state makes an adequate showing of necessity. *Maryland v. Craig,* 497 U.S. 836, 851, 855, 110 S.Ct. 3157, 3166–67, 3169, 111 L.Ed.2d 666 (1990). This court does not believe that such a showing is necessary to justify using video conference technology in a sentencing procedure, because the confrontation clause, even if applicable, has not been violated.

■ First, the court is not convinced that the confrontation clause is applicable in this situation. The right to confrontation is generally a right to meet face to face all those who appear and give evidence *at trial. Id.* at 844. In other words, it is a chance for the defendant to confront witnesses that testify against him. Rarely do witnesses appear at a sentencing hearing, and no witnesses appeared at Edmondson's sentencing.

Second, even if a witness is called, the confrontation clause is not violated by the video conference setup used by this court. The video conference equipment allows the court and the defendant to fully view, see, and hear the witness without impediment, no matter where the witness happens to appear, *and the witness can see the defendant.* The technology at issue here, unlike the closed circuit television used in *Maryland v. Craig,* ·allows face-to-face confrontation. Therefore, no confrontation clause right is violated.

Assuming that there is a right to confrontation at sentencing, the court finds that the video conference technology used in this case provides it. All of the participants can hear and see one another, including the witness

and the defendant. Further, there is nothing that impedes the observation and evaluation of tone, body language, and the like. For example, the technology used by the court includes a zoom lens that allows the court or the defendant to focus in on a speaking individual exclusively. Therefore, all facial motions and body language, as well as tone of voice, can be monitored via video conference technology.

For the foregoing reasons, the court is of the opinion that the confrontation clause was not violated by the use of video conference technology at sentencing.

IV. ANALYSIS OF RULE 32(c)(3)(C)

■ Federal Rule of Criminal Procedure 32(c)(3)(C) requires that the district judge "address the defendant personally." FED. R.CRIM.P. 32(c)(3)(C). It seems to be apparent that if the defendant is "present" under Rule 43 and is addressed by the court, then he is "personally addressed." The court reads this requirement solely to mean that the defendant must be given the chance to speak to the court directly, and not simply through counsel.

In this case, the court spoke to the defendant directly, and asked him if there was anything he would like to add prior to his sentencing. Therefore, the defendant was given the opportunity of allocution. *See Green v. United States,* 365 U.S. 301, 304, 81 S.Ct. 653, 655, 5 L.Ed.2d 670 (1961) (defendant is given the right of allocution in order to permit defendant to plead to the court personally for leniency and to have that plea considered by the court in determining the appropriate sentence). Simply because the court was not in the same room did not affect the ability of the defendant to personally address the court, nor did it affect the court's ability to hear and see the defendant and take his statements into consideration. Thus, the court finds that its video conference procedure complied with Rule 32(c)(3)(C), for the purposes of sentencing.

V. CONCLUSION

The court finds that the defendant was "present," as required by Rule 43(a), when the sentencing was conducted via live video conference. Further, the court finds that the

confrontation clause, if applicable, was not violated. Finally, the court finds that the court personally addressed the defendant at sentencing, as required by Rule 32(c)(3)(C).

The clerk of the court shall forward the original of this Order to the clerk of the United States Court of Appeals for the Fifth Circuit, and copies of this Order to appellate counsel for the government and the defendant. It is so ORDERED.