**Doris CHRISTUNAS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. Civ.A. 97–40429.**

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 17, 1999.

---

Robert P. Cares, United States Attorney's Office, Detroit, MI, for U.S.

David I. Megdell, Flint, MI, Federal Defender, Federal Defender Office, Flint, MI, Doris L. Christunas, Monroe, MI, for Plaintiff.

### ORDER GRANTING PETITIONER'S MOTION FOR RETURN OF PROPERTY PURSUANT TO FED. R.CRIM.P. 41(e)

GADOLA, District Judge.

Before the court is a motion by plaintiff, Doris Christunas, for return of property pursuant to Fed.R.Crim.P. 41(e). For the reasons set forth below, this court will grant plaintiff's motion.

### Factual Background

Plaintiff, Doris Christunas, and her husband, Kenneth P. Christunas have been married since July 7, 1973. During the course of that marriage they have jointly acquired substantial assets including real property, partnership interests and various personal property. On April 21, 1992, however, Kenneth Christunas was indicted, along with eleven others, on related drug charges.

Count One of the indictment included a criminal forfeiture provision pursuant to 21 U.S.C. § 853. On April 14, 1993, Kenneth Christunas was convicted on a number of counts in the indictment, including Count One, by a jury verdict. Subsequently, a consent judgment of forfeiture was executed, pursuant to which this court entered a preliminary order of forfeiture on February 22, 1994. The consent judgment bears the signature of Joyce Todd, the Assistant United States Attorney assigned to the matter, and N.C. Deday LaRene who, so the consent judgment provides, represented the interests of both Kenneth and Doris Christunas. Notice of the preliminary order of forfeiture, as required by 21 U.S.C. § 853(n), was published in March, 1994. No third parties claimed an interest in the properties covered by the preliminary order. Accordingly, this court entered a final order of forfeiture as to one of the properties on June 14, 1994, and as to the remaining properties on January 25, 1996.

On September 11, 1997, plaintiff filed the instant motion for return of property requesting that this court set aside the final orders of forfeiture in this case. This court held an evidentiary hearing in this matter on July 14, 1999, which hearing was continued to August 12, 1999. This court has now thoroughly reviewed the submissions of the parties, both oral and written, and is prepared to rule on plaintiff's motion.

### Discussion

Rule 41(e) provides, in relevant part:

A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property.

Fed.R.Crim.P. 41(e). Because there are no criminal proceedings pending against defendant, this court must treat this motion as a civil equitable proceeding, and the court must "balance the competing equities in deciding whether a return [of the property is] in order." *United States v. Duncan,* 918 F.2d 647, 654 (6th Cir.1990).

At the outset, this court notes that there remains only one piece of property at issue in this case. That property is located at 33642 Beechnut, Westland, Wayne County, Michigan. While a number of other properties in which Doris Christunas had an interest were seized by the government in this case, they have either been returned to Mr. and Mrs. Christunas (34412 McBride, Romulus, Wayne County, Michigan) or sold pursuant to a tax sale (16312 Hollywood, Romulus, Wayne County, Michigan; 15103 Holly Dr., Thomasville, Manistee County, Michi-

gan). Accordingly, the disposition of these other properties is not before this court. There are also a number of commercial properties Kenneth Christunas's interests in which were forfeited to the government. While plaintiff claims she also had an interest in these properties that was illegally forfeited by the government, plaintiff was unable to produce any evidence at the evidentiary hearing in this matter as to any interest she may have had in these commercial properties. Accordingly, plaintiff has no claim with respect to those properties. As a result, the only question remaining before the court is whether plaintiff is entitled to a return of the property located at 33642 Beechnut.[1]

Plaintiff's primary claim in support of the instant motion for return of property is that, because she and her husband owned the properties in question as tenants by the entireties, and because plaintiff is an innocent owner, the properties in question were not subject to forfeiture by the government. In response, the government asserts that plaintiff was a party to the February 22, 1994 consent judgment of forfeiture which acts to bar plaintiff's claim for the return of property in this proceeding. Plaintiff asserts she was not a party to the February 22, 1994 consent judgment of forfeiture which ultimately led to the final order of forfeiture of the properties at issue in this motion.

Essentially, there are two questions currently before the court. First, this court must determine whether the February 22, 1994 consent judgment of forfeiture acts to bar plaintiff's claim for return of property in this case. Second, in the event that this court finds that the consent judgment of forfeiture does not bar plaintiff's claims, and assuming that the forfeiture was invalid because plaintiff's interest in the entireties property at issue in this case was not subject to forfeiture, this court must determine whether plaintiff's claim is nonetheless foreclosed by the doctrine of laches.

### 1. The validity of the February 22, 1994 consent judgment

In support of her claim that the February 22, 1994 consent judgment of forfeiture does not act to bar her motion for the return of property, plaintiff argues primarily that she never consented to the forfeiture of the property. Plaintiff contends that N.C. Deday LaRene, who represented plaintiff's husband in the criminal proceedings, did not represent her interest in the forfeited property. The assertion that she was not a party to the consent judgment, however, is belied by the plain language of the preliminary order of forfeiture and consent judgment of forfeiture which clearly provides that attorney LaRene, who signed the consent judgment, represented both Kenneth and Doris Christunas in connection with the forfeiture proceedings. Moreover, on two prior occasions, LaRene submitted claims on plaintiff's behalf related to two separate properties in which plaintiff had an ownership interest. Those claims were submitted in May, 1992 and August, 1992 respectively, and the claims were signed by both plaintiff and LaRene. The fact that LaRene represented plaintiff's interest with respect to these two properties renders more suspect plaintiff's claim that LaRene did not represent her

---

1. This court does note that plaintiff has also asserted that she is entitled to the return of certain rent payments paid on the property at 34412 McBride. Plaintiff contends that these rent payments were collected by the government, and pursuant to an agreement reached with the government, these monies were to be returned to plaintiff. Despite this agreement, plaintiff claims that she has not received any of these monies. The government conceded on the record at the evidentiary hearing in this matter that plaintiff is, indeed, entitled to these rent payments. The government indicated, however, that it is unclear whether the monies have already been returned to plaintiff. Under the circumstances, this court will direct the government to contact the United States Marshal and determine whether the funds have been returned to plaintiff. this court will further direct that, in the event those funds have not yet been returned, the government shall cause them to be returned forthwith.

interests in the negotiation of the February 22, 1994 consent judgment of forfeiture.

Ultimately, however, despite the language contained within the consent judgment of forfeiture, this court is not satisfied that LaRene actually represented plaintiff's interests in the negotiation of the consent judgment of forfeiture. At the evidentiary hearing in this matter, LaRene testified that while he assumed that he was representing both Mr. and Mrs. Christunas, he could not recall any specific conversation he had with plaintiff about the ongoing forfeiture process or the negotiations related to resolving the forfeiture issues. Nor could LaRene recall any conversation during the course of which plaintiff gave her consent to the entry of the consent judgment of forfeiture. Plaintiff herself testified that she never consulted with LaRene specifically about the forfeiture process and further that she was never made aware of any of the specifics of the negotiations related to the forfeiture. Plaintiff also testified that she never gave her consent to the entry of the consent judgment of forfeiture. This court also finds very troubling the fact that plaintiff's signature does not appear anywhere in the February 22, 1994 consent judgment of forfeiture. As this court noted repeatedly throughout the evidentiary hearing in this matter, this court is very critical indeed of the manner in which these proceedings were handled by both Mr. LaRene and the government.

In the final analysis, upon a thorough consideration of all the evidence presented in this case, this court is persuaded that plaintiff was not, in fact, a party to the February 22, 1994 consent judgment of forfeiture. Accordingly, this court finds that plaintiff's motion for return of property in this case is not barred by the February 22, 1994 consent judgment of forfeiture.

### 2. The equitable doctrine of laches

■ Before turning to the equitable doctrine of laches, this court notes that the court accepts plaintiff's claim that property owned by a married couple as tenants by the entireties is not subject to criminal forfeiture as provided in 21 U.S.C. § 853 when one spouse is an innocent owner. *See United States v. 2525 Leroy Lane*, 910 F.2d 343, 349 (6th Cir.1990); *United States v. 44133 Duchess Drive*, 863 F.Supp. 492, 503–04 (E.D.Mich.1994). State law governs the nature of the property interests asserted by third parties in a forfeiture proceeding pursuant to 21 U.S.C. § 853(n). *See Leroy Lane*, 910 F.2d at 349. Pursuant to Michigan law, in a tenancy by the entireties:

> each spouse is considered to own the whole and, therefore is entitled to the enjoyment of the entirety and to survivorship. When real property is so held as tenants by the entireties, neither spouse acting alone can alienate or encumber to a third person an interest in the fee of lands so held. Neither the husband nor the wife has an individual separate interest in the entireties property, and neither has an interest in such property which may be conveyed, encumbered or alienated.

*Rogers v. Rogers*, 136 Mich.App. 125, 134, 356 N.W.2d 288 (1984). The *Duchess Drive* and *Leroy Lane* courts explicitly held that the interest in entireties property of neither an innocent spouse nor a guilty spouse is subject to forfeiture, because neither spouse has an interest in such property which may be encumbered or alienated. Absent consent from both spouses, entireties property may properly be the subject of a criminal forfeiture only when both spouses acting together are guilty of some criminal misconduct.

■ As a result, because this court has found that plaintiff, who is an innocent owner, was not a party to the February 22, 1994 consent judgment of forfeiture, the forfeiture in this case was invalid.

■ That does not, however, end the inquiry. In *United States v. Mulligan,*

178 F.R.D. 164 (E.D.Mich.1998), another case involving a motion for return of property pursuant to Rule 41(e), this court found that "the government never obtained a valid forfeiture with respect to defendant's rights in the property." *Id.* at 166. Specifically, the court found that the forfeiture was obtained pursuant to a conviction following a trial at which the defendant was not present. The court went on to hold, however, that despite the fact that the forfeiture was invalid, defendant's claim for the return of property was nonetheless barred by the equitable doctrine of laches. Accordingly, even assuming that plaintiff's interests were not represented in the February 22, 1994 consent judgment of forfeiture and that the forfeiture of the interest of an innocent spouse in entireties property is invalid, the government would still prevail in this proceeding if the government could establish that plaintiff's claim to the property is barred by the doctrine of laches.

It is well-settled that the defense of laches is available in a proceeding related to a motion for return of property under Rule 41(e). *See, e.g., Vance v. United States,* 965 F.Supp. 944, 946 (E.D.Mich. 1997). As the court held in *Vance:*

Dismissal of a claim on the ground of laches requires that there be (1) unreasonable and unexcused delay in bringing the claim, and (2) material prejudice to the defendant as a result of the delay.

*Id.*

In this case, the government contends that the plaintiff's delay in filing her claim was substantial and unjustified. The preliminary order of forfeiture was entered in February, 1994. Subsequently, pursuant to 21 U.S.C. § 853, notice of the preliminary order of forfeiture was properly published on multiple days in mid-March, 1994. Pursuant to § 853(n)(2), plaintiff was required to assert her claim within 30 days of publication. Plaintiff did not file the instant motion for return of property, however, until September 11, 1997. Though plaintiff has claimed that she did not receive actual notice of the forfeiture until 1996, the government disputes this claim. The government points out that the plaintiff herself testified at the evidentiary hearing in this matter that she made inquiry of the United States Marshal's office related to possible forfeitures well before 1996. The government argues that plaintiff had actual knowledge of the forfeitures by 1994, and that her delay in filing this claim is unreasonable and unexcused.

Ultimately, upon a complete review of the evidence in the record, this court accepts plaintiff's claim that she did not receive actual notice of the forfeiture at issue in this case until 1996. It is undisputed that the government did not mail a notice of forfeiture directly to plaintiff, a decision that was logical given the government's belief that LaRene was representing plaintiff's interests with respect to the forfeitures. However, as set forth above, this court has found that LaRene did not, in fact, represent plaintiff's interests and did not adequately communicate with her with respect to the forfeitures in this case. Therefore, this court finds it extremely doubtful that any notice given to LaRene actually found its way to plaintiff. And while plaintiff may have been aware of some possible forfeiture activity, it is not at all clear that plaintiff knew prior to 1996 about the specific proceedings against the Beechnut property and its implications on her interest in that property.

Accordingly, this court does not find that the delay in filing this claim is unreasonable and unexcused under the circumstances of this case. Therefore, this court finds that plaintiff's claim is not barred by the equitable doctrine of laches, and as a result, plaintiff is entitled to a return of the property located at 33642 Beechnut.

### 3. Relief

■ Having determined that plaintiff is entitled to relief pursuant to Fed. R.Crim.P. 41(e), this court must now address the question of the appropriate form

of that relief. As the parties indicated at the evidentiary hearing, the Beechnut property was sold subsequent to the forfeiture. In *Leroy Lane,* the Sixth Circuit was faced with an essentially identical set of facts. The court held in that case that when the property at issue has been sold subsequent to forfeiture, the appropriate remedy is to place the proceeds from the sale in an escrow account to protect the government's interest in the property. Specifically, the *Leroy Lane* court noted that:

> the real property [at issue] has been converted to a fund of money which could easily be dissipated. Therefore, it becomes necessary in this case to hold the money in escrow, thereby establishing in effect a lis pendens in order to protect the Government's interests in anticipation of the occurrence of some event which may result in the vesting of the Government's interest in the proceeds of the property.

*Leroy Lane,* 910 F.2d at 352. This court has not been presented with any reason to deviate from the procedure outlined by the Sixth Circuit in *Leroy Lane.* The parties agreed at the evidentiary hearing that the approximate value of the property was $59,000. Accordingly, this court will direct the government to place $59,000 in an interest bearing escrow account pending some occurrence which alters the parties' interests in the proceeds from the sale of the Beechnut property.

### Conclusion

Therefore, this court having reviewed the submissions of the parties and being fully advised in the premises,

**IT IS HEREBY ORDERED** that, within thirty (30) days of the date of entry of this order:

1.  The government shall determine whether the rent payments collected by the government on the property located at 34412 McBride, Romulus, Wayne County, Michigan, have been returned to plaintiff pursuant to the prior agreement of the parties. If those payments have not been returned, the government shall return those monies to plaintiff forthwith; and

2.  The government shall place the sum of Fifty-nine Thousand Dollars ($59,000.00) in an interest bearing escrow account in accordance with the terms set forth in this order.

**IT IS FURTHER ORDERED** that this court shall retain jurisdiction over these funds until they are ultimately distributed.

**SO ORDERED.**