**Joseph OBIUKWU, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 00–1913.

United States Court of Appeals, Sixth Circuit.

June 19, 2001.

Before JONES, SUHRHEINRICH, and DAUGHTREY, Circuit Judges.

Joseph Obiukwu appeals pro se from a district court order that denied his motion for the return of property that had been seized during his criminal case. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1992, Obiukwu was convicted of conspiring to distribute heroin and to possess heroin for intended distribution, violations of 21 U.S.C. §§ 841(a) and 846. Our court affirmed his convictions on February 3, 1994, but remanded the case for more specific findings regarding the amount of drugs that were attributable to him. Upon remand, Obiukwu was sentenced to 151 months of imprisonment and five years of supervised release.

On February 22, 2000, Obiukwu filed a motion for the return of property that had been seized during his criminal investigation. See Fed.R.Crim.P. 41(e). In response, the government argued that this motion was filed more than eight years after the seizures had occurred and that the items listed therein had "all been destroyed, forfeited, or were never seized at all." The district court denied Obiukwu's motion on July 21, 2000, ruling that it was barred by the equitable doctrine of laches. It is from this judgment that he now appeals.

■ We review the district court's judgment for an abuse of discretion on appeal. See United States v. Duncan, 918 F.2d 647, 654 (6th Cir.1990). The court properly construed Obiukwu's motion a civil action seeking equitable relief. See id. Thus, it was subject to the defense of laches, which requires: "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." Costello v. United States, 365 U.S. 265, 282, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961).

■ The courts may refer to an analogous statute of limitations in applying the laches doctrine. Tandy Corp. v. Malone & Hyde, Inc., 769 F.2d 362, 365 (6th Cir. 1985). A six-year limitations period generally governs civil actions against the United States. See 28 U.S.C. § 2401(a). This period would have expired no later than February 3, 2000, six years after Obiukwu's convictions were affirmed on direct appeal. See Duncan, 918 F.2d at 654. Thus, it must be presumed that his motion was untimely, as it was not filed until February 22, 2000, several weeks after the limitations period had elapsed. See TWM

370

*Mfg. Co. v. Dura Corp.*, 592 F.2d 346, 348–49 (6th Cir.1979).

Obiukwu now argues that he acted diligently because he wrote to the prosecutor and a DEA agent seeking the return of his property and because he was not advised that the government's investigation was complete. However, the district court properly found that the alleged failure of the government to respond to Obiukwu's letters should have alerted him to the need for instituting formal proceedings for the return of his property. The court did not abuse its discretion in this regard, as laches may apply even if some action has been taken within the limitations period. *See Vance v. United States*, 965 F.Supp. 944, 946 (E.D.Mich.1997).

In addition, the district court found that the government had been prejudiced because it is now time-barred from initiating forfeiture proceedings. *See United States v. Mulligan*, 178 F.R.D. 164, 166–67 (E.D.Mich.1998). We also note that the passage of time has affected the government's ability to contest the extensive list of items that Obiukwu now alleges were seized.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.