51 F.3d 274
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bartee YARBROUGH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1380.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1995.
 
 Before: BROWN, NELSON and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner appeals the judgment denying his motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. For the reasons that follow, we AFFIRM.
 
 I.
 
 2
 In 1988, Bartee Yarbrough was convicted of a controlled substance and firearms offenses. The district court sentenced defendant to 81 months imprisonment. On March 17, 1994, defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. Defendant claimed that he had received constitutionally ineffective assistance of counsel. The district court appointed counsel to represent defendant, and on February 14, 1994, held an evidentiary hearing. The defendant's trial attorney, Leodis Elliott, was the only witness to testify.
 
 
 3
 At the hearing, the district court focused on whether the government had extended a plea offer to defendant and if so, whether trial counsel had informed defendant of that offer. Elliott stated that the government offered Yarbrough a maximum sentence of one year and one day in exchange for his plea, provided defendant testified against another defendant. Elliott also stated that the requirement that defendant testify was dropped later; however, Elliott conceded on cross-examination that he may not have informed defendant of the change. According to Elliott, defendant refused the initial plea offer because defendant believed that Elliott was "selling him out" in exchange for receiving court-appointed cases. Consequently, Yarbrough's case proceeded to trial. Neither the government nor Elliott had documentation of any plea offers.
 
 
 4
 Based on the testimony received at the hearing, the district court denied defendant's motion to vacate. Specifically, the district court found that trial counsel "failed to fully explain to the defendant the government's plea offer and the consequences of the rejection of said offer, particularly in light of the sentencing guidelines and the consecutive mandatory minimum sentence for the crime alleged," and that the failure constituted ineffective assistance of counsel. The trial court nevertheless found that defendant was not prejudiced by the ineffective assistance. The district court correctly stated that the law requires defendant establish a "reasonable probability" that, but for the incompetence of counsel, he would have accepted the offer. Because the district court held that defendant did not meet this burden, his motion was denied.
 
 II.
 
 5
 The United States Supreme Court holds that the ineffective assistance of counsel test established in Strickland v. Washington, 466 U.S. 668 (1984) applies to challenges to guilty pleas. Hill v. Lockhart, 474 U.S. 52, 58 (1985). Specifically, defendant must show his attorney did not meet a standard of competence and also show that but for the ineffective performance defendant would have pleaded guilty. Id. at 58-59.
 
 
 6
 We review the district court's findings of fact for clear error. Both prongs of the Strickland test are mixed questions of law and fact, subject to a de novo standard of review. Strickland, 466 U.S. at 698.
 
 III.
 
 7
 Defendant maintains that his counsel never calculated his sentencing guideline range nor explained the potential impact the guidelines would have on his sentence if convicted. Elliott's testimony supports defendant's contention.
 
 
 8
 "Knowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty." United States v. Day, 969 F.2d 39 (3d Cir.1992). An incompetently counseled decision to go to trial violates defendant's right to effective assistance of counsel. Turner v. Tennessee, 858 F.2d 1201, 1205 (6th Cir.1988) (defendant rejected a two-year plea on advice of counsel then was convicted of kidnap and felony murder charges and sentenced to life), vacated on other grounds, 492 U.S. 902 (1989). We agree that defendant satisfied his burden to show that trial counsel ineffectively assisted him with regard to his guilty plea. Accordingly, we turn to the second prong of the test--but for counsel's errors, there is a reasonable probability defendant would have pleaded guilty.
 
 
 9
 "A reasonable probability is a probability sufficient to undermine confidence in the outcome." United States v. Sanchez, 984 F.2d 769, 772 (7th Cir.1993). Defendant contends that there is sufficient evidence to meet this prong. Defendant stated in his sworn pro se motion that had he been fully informed of the facts surrounding the plea offer, the sentencing guidelines and the consecutive mandatory minimums, he would have accepted it.
 
 
 10
 Courts do not view a defendant's statement, standing alone, as sufficient to establish a reasonable probability. See Toro v. Fairman, 940 F.2d 1065, 1068 (7th Cir.1991), cert. denied, 112 S.Ct. 3038 (1992); Turner, 858 F.2d at 1206 (finding defendant's testimony "subjective, self-serving, and in the Court's view insufficient to satisfy the Strickland requirement for prejudice"). In Turner, a case in which the court found a reasonable probability that defendant would have pleaded guilty but for counsel's errors, the defendant had more than his own testimony to establish the prejudice prong. Defendant had corroboration for his testimony by virtue of the fact that he proposed a counteroffer to the plea offered. The district court noted that the counteroffer "rebuts the State's argument that Turner's publicly and privately professed belief in his innocence would have prevented a plea." Id. The appellate court agreed. Id. at 1207.
 
 
 11
 Here, defendant has no counteroffer to corroborate his testimony. To the contrary, defendant's reaction to the government's offer indicates that he was not willing to enter an agreement. Elliott testified that defendant suspected that his attorney was "selling out" defendant in exchange for a future working relationship with the government. Defendant's argument would be stronger had he lodged an objection to the cooperation requirement that eventually was dropped. Elliott testified that the difference in terms between the offer presented to defendant and the offer not presented was the cooperation requirement. The absence of any allegation that special circumstances caused defendant to place particular emphasis on his refusal to cooperate debunks defendant's argument that he was deprived of an opportunity to create a record showing he was prejudiced.
 
 
 12
 Additionally, defendant argues that "simple arithmetic" supports his contention because a man in his mid-sixties certainly would accept a favorable plea offer. Defendant's simple arithmetic is not persuasive evidence. If it did constitute persuasive evidence, the second Strickland prong would melt into the first in situations similar to the one presented. Once a defendant established substandard performance by his attorney in relation to a guilty plea, he would be free to risk a trial, and if the sentence received upon conviction exceeded the sentence recommended in the plea agreement, "prejudice" would entitle him to a second shot. Moreover, defendant signed an Acknowledgment of Indictment/Information that listed the penalties relevant to each count of the indictment. The document reflects that had defendant been convicted on each count of the indictment and received the maximum penalties aggregated, he would have been imprisoned thirty-one years. Defendant's signature on this document fractures his simple arithmetic argument. Simple arithmetic revealed that the potential maximum sentence imposed could total thirty-one years, yet defendant rejected the government's first offer. Accordingly, the district court found no basis for finding that defendant would have accepted a second plea offer, if it had been made, but for Elliott's performance.
 
 
 13
 We recognize that this case turns on the motivation of defendant; and consequently, objective evidence is sparse. See Lewandowski v. Makel, 949 F.2d 884 (6th Cir.1991). We nevertheless find that the district court properly concluded that defendant demonstrated no prejudice. The district court's finding that defendant did not demonstrate prejudice will not be disturbed on appeal.
 
 
 14
 Accordingly, we AFFIRM.
 
 
 15
 BAILEY BROWN, Circuit Judge, concurring in the result.
 
 
 16
 I concur. However, I concur only in the result and do so in this form because it appears to me that there are other and additional valid bases, each of which is sufficient, that support this conclusion. Because this opinion is per curiam, I do not believe it necessary to spell out these reasons in this concurrence.
 
 
 17
 DAVID A. NELSON, Circuit Judge, dissenting.
 
 
 18
 In denying defendant Yarbrough's motion to vacate his sentence, the district court stated that the defendant introduced "no evidence" that he would have accepted the plea agreement if he had received effective assistance of counsel. The district court did not mention the defendant's sworn statement, set forth in his motion, that "given the correct information regarding the sentencing range, he would never have gone to trial, but would have plead [sic] guilty as per the plea bargain and received a sentence of a year and a day."
 
 
 19
 It seems to me that the quoted statement may distinguish this case from Toro v. Fairman, 940 F.2d 1065 (7th Cir.1991), cert. denied, 112 S.Ct. 3038 (1992) where the court pointed out that "[i]n his habeas petition and supporting memorandum, Toro never states that he would have accepted the plea." Id. at 1068. Defendant Yarbrough's statement that he would have accepted the plea is, to be sure, a self-serving one, and if the district court had focused on the statement the court might have found it insufficient, standing alone, to satisfy the prejudice requirement. (In Turner v. Tenn., 858 F.2d 1201 (6th Cir.1988), vacated on other grounds, 492 U.S. 902 (1989), the trial court found a similar statement inadequate by itself, but the court ultimately accepted the defendant's testimony because it was corroborated by objective evidence. Id. at 1206.) On the other hand, defendant Yarbrough has sworn--without contradiction--that he asked his lawyer "many times" what his sentencing exposure was, and never received a substantive response. The testimony of the lawyer confirms that the lawyer was unfamiliar with the sentencing guidelines and did not discuss the guidelines with Yarbrough. The lawyer "believed" that he told Yarbrough about the five-year mandatory minimum sentence, but the lawyer's powers of recollection left much to be desired. It is undisputed that the lawyer never sat down with Yarbrough to "give him an idea of what he was risking by comparing the plea to the risk that occurs with a trial." And while Yarbrough "sort of like raised [the] question" of whether the lawyer was selling him out by proposing a plea bargain, the lawyer expressly testified that "[h]e didn't say that I had sold him out."
 
 
 20
 Given the lawyer's egregious failure to function professionally, given the fact that Mr. Yarbrough was over 60 years old, and given the obvious advantage to him of a non-guideline sentence of a year and a day, I am not at all sure where the district court would have come out on the question of prejudice if the court had focused on Mr. Yarbrough's sworn statement as to what he would have done if he had received proper assistance of counsel. I would therefore remand the case for further consideration of this issue.