72 F.3d 130
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Derrick CARTER, Defendant-Appellant.
 No. 94-2222.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1995.
 
 Before: MARTIN and BOGGS, Circuit Judges; and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 Although Derrick Carter admitted in open court that he committed the crimes charged in the indictment, he now challenges his conviction. He also challenges the extent of his sentence. Finding no merit in any of his contentions, we affirm.
 
 
 2
 * Derrick Carter was convicted of conspiracy to distribute cocaine, in violation of 21 U.S.C. Secs. 841(a)(1) and 846, and use of a firearm during and in relation to a felony drug offense, in violation of 18 U.S.C. Sec. 924(c). He was also convicted on two other drug counts, which he does not challenge. He was sentenced to 235 months in prison on the drug counts, and a consecutive sentence of 60 months for the firearms violation. With regard to the propriety of his conviction, on appeal he challenges the sufficiency of the evidence of a conspiracy to distribute drugs, the adequacy of the connection with a drug offense of the firearms found at a residence he shared, and the admission of certain evidence.
 
 II
 
 3
 With respect to the sufficiency of the evidence, defendant waived his right to appeal this issue by failing to make a motion for judgment of acquittal, pursuant to Fed.R.Crim.P. 29. United States v. Williams, 940 F.2d 176, 180 (6th Cir.), cert. denied, 112 S.Ct. 666 (1991).
 
 
 4
 Carter's sufficiency of the evidence claim must fail even if it had been preserved for appeal. This Court reviews sufficiency of the evidence claims in a light most favorable to the government, and reverses only "if it is found that upon the record evidence adduced at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt." United States v. Winston, 37 F.3d 235, 238 (6th Cir.1994) (quoting Jackson v. Virginia, 443 U.S. 307, 324 (1979)). Viewing the evidence in a light most favorable to the government, there was ample evidence to submit to the jury and to support Carter's convictions.
 
 
 5
 The defendant also objects to the fact that the government introduced evidence that he left the state of Michigan for Georgia shortly after he and an alleged co-conspirator were arrested while fleeing from a police cruiser. The police found more than a pound of cocaine base on the floor of the vehicle in which the two were travelling. Carter agreed to appear the following Monday, but instead left the state. More than seven months later, Carter was arrested after a traffic accident in Georgia, and was found with a false driver's license. His identity was ultimately ascertained and he was returned to Michigan. Although the defendant contends that he left for Georgia because of unrelated threats to his safety, that argument does not preclude admission of the flight evidence. Taking the view of the evidence most favorable to the government, the flight would be routine "consciousness of guilt" evidence, which the jury was free to accept or reject on its own merits. United States v. Dillon, 870 F.2d 1125, 1127 (6th Cir.1989). Therefore, this allegation does not warrant reversal.
 
 III
 
 6
 Defendant makes two arguments relating to his sentence. He contends that his sentence should not have been enhanced for obstruction of justice, based on his flight to Georgia, discussed above. Second, he attacks the Sentencing Guidelines penalties for crack cocaine, based on the disparity between those penalties and the penalties for equivalent amounts of powder cocaine, relying on United States v. Davis, 864 F.Supp. 1303 (N.D.Ga.1994).
 
 
 7
 With regard to the latter point, this court has repeatedly affirmed the constitutionality of the Sentencing Guidelines for crack, United States v. Williams, 962 F.2d 1218, 1227-28 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992); United States v. Pickett, 941 F.2d 411, 418-19 (6th Cir.1991). This panel is bound by those decisions, which are not affected by a district court case from another circuit.
 
 
 8
 As to the enhancement for obstruction of justice, defendant had been actually arrested in Michigan and had agreed to appear in court there, based on the stop of his car containing more than a pound of cocaine base. Although he attempts to extenuate the circumstances of his flight to Georgia, it is nonetheless clear that he made no effort to apprise the authorities of his new location and the reason for his flight. Further, he obtained two false driver's licenses, one from Michigan and one from Georgia, after his arrest. The judge did not err in finding that this conduct impeded "... the administration of justice during the investigation ... of the instance offense." USSG Sec. 3C1.1.
 
 IV
 
 9
 The district court's judgment of conviction and sentenced are therefore AFFIRMED.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation