## In re CERTIFICATES OF APPEALABILITY.

No. 97–02.

United States Court of Appeals, Sixth Circuit.

Feb. 14, 1997.

---

### ADMINISTRATIVE ORDER

BOYCE F. MARTIN, Jr., Chief Judge.

As the court of appeals has concluded in *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063 (6th Cir.1997), that a district court judge possesses the authority to issue certificates of appealability, this order sets forth the administrative procedures that are to be used to implement this court's decision.

## I. PENDING CASES IN THE COURT OF APPEALS

■ For those cases that have been held in abeyance in the court of appeals pending the *Lyons* decision, the clerk of the court of appeals shall remand these cases back to the respective district courts for the limited purpose of having the district judges state which issues, if any, are to be certified for appeal. *Id.* at 1076.

A remand is not required if, in granting a certificate, the district judge specified the issues in accordance with *Lyons* and 28 U.S.C. § 2253(c)(3). Further, a remand is not necessary if, in denying a certificate of appealability, the district court clearly established that it denied all of the issues raised in the habeas petition.

■ On remand, the district court shall set forth in its order all of the issues that the petitioner has raised in the habeas action. The district court judge will then identify only those issues, if any, that the district court is certifying for the appeal. If the district judge does not enumerate the issues in this fashion, the clerk of the court of appeals is directed to remand the case once

again to the district court with instructions to comply with this procedure. *See* 28 U.S.C. § 2253(c)(3); *Lyons,* 105 F.3d at 1076.

## II. APPELLATE CONSIDERATION OF CERTIFICATES OF APPEALABILITY

### A. A Partial Granting Of A Certificate Of Appealability By The District Court

■ Although a district court may not have granted certification as to all issues raised in a habeas corpus petition, the filing of the notice of appeal constitutes a request to have all of the issues raised in the petition reviewed by a judge of the court of appeals. Fed.R.App.P. 22(b). Therefore, unless expressly stated to the contrary in the notice of appeal or certificate request, the filing of the notice of appeal presumes that the petitioner is requesting that the issues which were not certified by the district court be evaluated by a judge of the court of appeals. Under these circumstances, the certificate of appealability request will be processed in normal course and all issues not certified by the district court will be presented to a judge of this court.

### B. Denial Of A Certificate Of Appealability By The District Court

■ When a district court has denied certification as to all issues raised in a habeas petition and no express request for a certificate is filed, or the notice of appeal does not specify the issues which a petitioner seeks to have certified, then the notice of appeal constitutes a request to have all the issues raised in the petition be reviewed by a judge of the court of appeals. Fed.R.App.P. 22(b). After the notice of appeal or the specific request for a certificate is filed, the appeal will be processed and presented to a judge of the court of appeals.

## III. BRIEFING AND DISMISSAL

■ If the district court has granted a certificate of appealability as to all issues, the case may proceed to briefing. No additional certificate is required from the court of appeals.

If, after review by the district court and the court of appeals, one or more issues have been granted certification, then the case shall proceed to briefing. In the briefing letter to the parties, the clerk shall state that the court of appeals will not entertain any issue that lacks district court or court of appeals certification. After the issuance of the briefing letter, the case shall proceed in normal course.

If the district court and the court of appeals have denied certificate requests as to all issues presented, the order of the court of appeals denying a certificate of appealability will remove the appeal from the active docket of this court.

This order shall apply to all appeals filed on or after April 24, 1996, but does not apply to any appeals which have been subsequently reviewed and decided by the court of appeals.