**Kevin Tyrone WILSON, Petitioner–Appellant,**

**v.**

**UNITED STATES of America, Respondent–Appellee.**

**No. 00–1562.**

United States Court of Appeals, Sixth Circuit.

March 14, 2001.

of Michigan, sitting by designation.

Before SILER, MOORE, and CLAY, Circuit Judges.

## *ORDER*

Kevin Tyrone Wilson, proceeding pro se, appeals a district court judgment denying his motion to amend an order partially granting his prior motion to vacate his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In June 1990, a jury convicted Wilson of conspiring to distribute cocaine and co-

caine base in violation of Title 21 U.S.C. § 846, and distributing cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1). Wilson was sentenced to a total of 360 months of imprisonment and five years of supervised release. A panel of this court affirmed Wilson's convictions and sentence on appeal. *United States v. Williams,* 962 F.2d 1218 (6th Cir.1992). In December 1992, Wilson filed a letter labeled "Motion of Kevin Wilson Attacking Sentence Under 2255." In the letter, Wilson appears to have challenged the validity of his conspiracy conviction, and he requested that his federal sentence be ordered to run concurrently to a state sentence. In May 1993, the district court granted Wilson partial relief under § 2255, and ordered his federal and state sentences to run concurrently. Thereafter, in April 1997, Wilson filed a second § 2255 motion. The district court transferred the motion to this court, and this court denied Wilson permission to file a second § 2255 motion in the district court. Subsequently, the district court granted Wilson's motion for equitable relief for seized currency.

On February 14, 2000, Wilson filed a motion to amend the district court's May 1993 order, directing that his federal and state sentences run concurrently. The district court denied the motion, concluding that Wilson should have filed a petition for habeas relief under 28 U.S.C. § 2241. Wilson has filed a timely appeal arguing that: 1) the district court improperly construed his December 29, 1992, letter as a motion to vacate sentence under § 2255; and 2) the district court should have construed the December 1992 letter as a petition for habeas relief under 28 U.S.C. § 2241.

■ Contrary to Wilson's arguments on appeal, the district court properly treated Wilson's December 29, 1992, letter as a motion to vacate his sentence under 28

U.S.C. § 2255. Wilson labeled the letter as a "Motion of Kevin Wilson Attacking Sentence Under 2255," and he sought relief available pursuant to § 2255. The December 1992 letter also could not have been construed as filed under § 2241 because Wilson did not file the letter in the district where he was incarcerated. *See In re Hanserd,* 123 F.3d 922, 925 (6th Cir.1997).

■ Upon review, we conclude that the district court properly denied Wilson's motion to amend its prior order partially granting him relief under § 2255, but we affirm for reasons other than those expressed by the district court. *See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.,* 772 F.2d 214, 216 (6th Cir.1985). Although Wilson labeled his motion as one to amend the district court's order granting him relief under § 2255, the motion is more properly construed as a motion for relief under Fed.R.Civ.P. 60(b). Even so construed, Wilson's motion was untimely filed under Fed.R.Civ.P. 60(b). If legal error is relied upon for relief under Rule 60(b)(1), the motion must be filed within the normal time for taking an appeal. *See Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989). Rule 60(b)(2) and 60(b)(3) motions must be made within one year of the challenged judgment, and Rule 60(b)(4) through 60(b)(6) motions must be made "within a reasonable time."

■ Under any of these subsections, Wilson's motion was untimely. Wilson's motion is best construed as filed under Rule 60(b)(1), because he based his request for relief on the legal argument that the district court improperly construed his December 29, 1992, letter as a request for relief under 28 U.S.C. § 2255. However, while the district court's order partially granting Wilson § 2255 relief was entered on May 17, 1993, Wilson did not file his

motion to amend until February 14, 2000, well beyond the normal time for taking an appeal. Even if construed as filed under any of the remaining subsections of Rule 60(b), the motion is still untimely because it was filed more than seven years after the relevant district court judgment was entered. Wilson has offered no reasonable explanation or excuse for the delay in filing the motion.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.