Derrick Deshawn CARTER, Petitioner,

v.

UNITED STATES of America, Respondent.

Nos. Cr. 93–50024–02, Civ. 99–40001.

United States District Court, E.D. Michigan, Southern Division.

Sept. 10, 2001.

Derrick Deshawn Carter, FCI McKean, Bradford, PA, pro se.

Mark C. Jones, Assistant United States Attorney, Flint, MI, for defendant.

### MEMORANDUM OPINION AND ORDER

GADOLA, District Judge.

Before the Court is Petitioner Derrick Deshawn Carter's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and Motion for the Return of Property. Pursuant to Local Rule 7.1(e)(2), this Court has determined that oral argument will not significantly aid in the disposition of these motions. For the reasons set forth below, this Court denies Petitioner's motions.

**Factual and Procedural Background**

On March 25, 1993, a one-count indictment was returned against Petitioner and Timothy Redmond alleging that both possessed with intent to distribute approximately 611 grams of "crack cocaine" in violation of 21 U.S.C. § 841(a)(1) and aided and abetted each other in so doing in violation of 18 U.S.C. § 2. (Resp.Ex.1.) On April 25, 1994, Petitioner pled guilty to the lone count (Resp.Ex. 4 at 22), but the Honorable Stewart A. Newblatt, to whom this case originally was assigned, did not accept his plea. According to Judge Newblatt, Petitioner did not adequately acknowledge that he aided and abetted in the possession with intent to distribute crack cocaine. (*Id.* at 33–42).

On May 6, 1994, a four-count superceding indictment was returned against Petitioner, alleging conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count One); possession with intent to distribute "crack cocaine" in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2 (Count Two); use of a firearm during and in relation to a felony drug offense in violation of 18 U.S.C. §§ 924(c) (Count Three); and possession with intent to distribute "approximately 611 grams of crack cocaine" in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting others in doing so in violation of 18 U.S.C. § 2 (Count Four). (Resp. Ex. 5.)

On June 9, 1994, a jury found Petitioner guilty of all four counts. On October 4, 1994, Judge Newblatt sentenced Petitioner to a total term of 295 months' imprisonment: 235 months on Counts One and Four; 235 months on Count Two, to be served concurrently with Counts One and Four; and 60 months on Count Three to be served consecutively to the sentence imposed on Counts One, Two, and Four. *See United States v. Carter,* No. 96–2543, 1997 WL 705231, at *1 (6th Cir. Nov.4, 1997).

The United States Court of Appeals for the Sixth Circuit affirmed Petitioner's convictions and sentence in an unpublished opinion. *See United States v. Carter*, No. 94–2222, 1995 WL 712805 (6th Cir. Dec.1, 1995) (per curiam). The Supreme Court of the United States vacated this ruling and remanded the case for further consideration in light of the opinion in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *See Carter v. United States*, 517 U.S. 1184, 116 S.Ct. 1667, 134 L.Ed.2d 772 (1996). The Sixth Circuit, in turn, remanded the case to Judge Newblatt to reconsider Petitioner's firearm conviction. *See United States v. Carter*, No. 94–2222, 1996 WL 367600 (6th Cir. July 1, 1996).

Upon remand, Judge Newblatt set aside Petitioner's Section 924(c) conviction pursuant to *Bailey* and directed the probation officer to recalculate Petitioner's sentencing guidelines range for the three remaining counts. Judge Newblatt further instructed the probation officer to take into consideration Section 2D1.1(b)(1) of the United States Sentencing Commission Guidelines, which provides for a two-level enhancement to a defendant's base offense level for possessing a firearm during a drug trafficking offense.

On December 5, 1996, Judge Newblatt vacated the conviction on Count Three and resentenced Petitioner to a total term of 292 months' imprisonment: 292 months on Counts One and Four, and 240 months on Count Two, all to be served concurrently. The increase in the term of imprisonment on the remaining individual counts was based upon a total offense level of 40, which included the two-level Section 2D1.1(b)(1) enhancement. Accordingly, Petitioner received only a three-month reduction in sentence, rather than the 60–month reduction he expected. Judge Newblatt entered the amended judgment on December 11, 1996, and Petitioner ap-

pealed again, arguing that Judge Newblatt erred in applying Section 2D1.1(b)(1) to increase his sentence.

On appeal, the Sixth Circuit concluded that Judge Newblatt did not err in enhancing Petitioner's sentence for possessing a firearm during a drug trafficking offense and affirmed the judgment. *See Carter*, 1997 WL 705231, at *2. The Sixth Circuit explained that "[t]he evidence presented at trial and the undisputed facts found in the presentence investigation report provide ample support for the district court's application of the two-level enhancement." *Id.* Such evidence included the discovery of "a .380 caliber handgun, currency, cocaine residue, a small electronic scale, two shotguns, a clear glass plate with razor blade and cocaine, a triple beam scale, and rocks of crack cocaine" in the same bedroom where Petitioner was found sleeping. *See id.* Accordingly, the Sixth Circuit affirmed Judge Newblatt's judgment. Petitioner's subsequent petition for a writ of certiorari was denied. *See Carter v. United States*, 522 U.S. 1153, 118 S.Ct. 1177, 140 L.Ed.2d 185 (1998).

Thereafter, Petitioner filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. While that motion was pending, Petitioner filed a Notice of Motion for Judicial Notice, which this Court construes as a motion to amend his original motion to include a claim under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Petitioner also filed a Motion for Return of Property seeking the return of $1,255.00 seized at the time of his arrest on September 28, 1993.

**Discussion**

In his motion pursuant to 28 U.S.C. § 2255, Petitioner asserts four bases for vacating his conviction and sentence: (1) Judge Newblatt erred by not accepting

Petitioner's plea of guilty on April 25, 1994; (2) Petitioner's trial counsel was ineffective; (3) Respondent failed to move for downward departure based on substantial assistance; and (4) Petitioner should have received three points reduction for acceptance of responsibility. While this motion was pending, Petitioner sought to add another claim, (5) Petitioner's conviction and sentence violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Court will examine each of Petitioner's asserted grounds for relief. The Court also will consider (6) Petitioner's Motion for Return of Property.

### 1. Accepting Petitioner's Guilty Plea

Petitioner claims that Judge Newblatt should have accepted his plea of guilty to the single-count indictment on April 25, 1994. Petitioner claims that his admission at a plea hearing constituted all of the elements of the alleged offense. He points out that the Assistant United States Attorney even recommended that Judge Newblatt accept Petitioner's guilty plea. Petitioner argues further that a plea of guilty should not be refused simply because a defendant is unable or unwilling to testify to his guilt and that a defendant's inconsistencies do not afford good ground for refusing a guilty plea. *See Griffin v. United States*, 405 F.2d 1378, 1380 (1968). In response, Respondent now insists that Petitioner's guilty plea was properly rejected because Petitioner failed to provide an adequate factual basis. *See United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir.1988).

▪ Rule 11 of the Federal Rules of Criminal Procedure provides that, "the court should not enter a judgment upon [a plea of guilty] without making such inquiry as shall satisfy it that there is a factual basis for the plea." Fed.R.Crim.P. 11(f). The statute under which Petitioner was indicted provides that it is unlawful "for any person knowingly or intentionally ... to possess with intent to ... distribute ... a controlled substance." 21 U.S.C. § 841(a)(1); *see United States v. Phibbs*, 999 F.2d 1053, 1063 (6th Cir.1993). Aiding and abetting requires "(1) an act by a defendant which contributes to the execution of a crime; and (2) the intent to aid in its commission." *United States v. Lawson*, 872 F.2d 179, 181 (6th Cir.1989); *see* 18 U.S.C. § 2. From a review of the April 25, 1994 plea hearing, this Court finds that Petitioner failed to give adequate factual basis for his plea of guilty to possession with the intent to distribute and aiding and abetting another in doing so. Petitioner merely stated that he suspected that his co-defendant Timothy Redmond was going to participate in a drug transaction when Petitioner drove Redmond to a house in exchange for $20, and that he knew that Redmond was carrying cocaine from the transaction when they drove away from the house. Petitioner did not state that he intended to possess the cocaine or aid in the commission of the drug transaction. This Court finds that Judge Newblatt was justified in not accepting the plea, *see United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir.1988), and rejects Petitioner's first claim.

### 2. Ineffective Assistance of Counsel

Petitioner asserts three claims that his trial counsel was ineffective: (a) Petitioner "received incompetent advise [sic] by counsel to reject a plea offer"; (b) trial counsel "allowed [Petitioner] to testify on his own behalf which amounted to virtual confession of violation of charges," and (c) trial counsel "failed to object or argue to the 'crack' enhancement in connection with sentence." (Pet'r Mot. at 5, 10, 15.)

▪ According to the Supreme Court, a defendant claiming ineffective assistance of counsel must prove: (1) that the attor-

ney's performance was deficient, and (2) that the deficient performance prejudiced the defendant. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Furthermore, "a court must indulge strong presumption that counsel's conduct falls within wide range of reasonable professional assistance; that is, the defendant must overcome presumption that, under those circumstances, challenged action might be considered sound trial strategy." *Id.* at 689, 104 S.Ct. 2052.

As to Petitioner's first claim for ineffective assistance of counsel, Petitioner asserts that counsel advised him to reject an alleged second plea offer. Petitioner claims that counsel told him not to re-plea because co-defendant Timothy Redmond had admitted in some alleged "statement" that the 611 grams of "crack cocaine" mentioned in the indictment were Redmond's. Petitioner claims that but for this advice he would have accepted Respondent's second plea offer of five years or less in exchange for substantial assistance. Petitioner claims that the inadequacy of counsel's advice rendered Petitioner's guilty plea involuntary and resulted in prejudice.

Petitioner cites *Hill v. Lockhart,* 474 U.S. 52, 56–57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In *Hill,* the Supreme Court applied the two-part *Strickland* test to guilty plea challenges alleging ineffective assistance of counsel: requiring that the defendant show that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Hill,* 474 U.S. at 52, 106 S.Ct. 366. Petitioner paraphrases this case to say that, "voluntariness of guilty plea depends on adequacy of counsel's advice." (Pet'r Br. at 7.) The text of *Hill* itself, however, reaffirms the principle articulated in *Strickland* not to second-guess the decisions of trial counsel: "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill,* 474 U.S. at 56, 106 S.Ct. 366 (quoting *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

In response, Respondent points out that there is no evidence of a second plea offer for five years of imprisonment or less. Respondent attached an affidavit from Petitioner's trial counsel to the effect that counsel sought a five-year cap (Resp.Ex.7, ¶ 11), but Respondent never agreed to or offered such a cap. Respondent also points out that trial counsel could not have failed to provide Petitioner with his Redmond's "statement" before trial, because, even if such a statement existed, Respondent was under no obligation to give it to Petitioner before trial. *United States v. Mullins,* 22 F.3d 1365, 1371–72 (6th Cir. 1994) (the government's failure to disclose testimony of potential witness did not violate due process under *Brady* ); *United States v. Presser,* 844 F.2d 1275, 1280–86 (6th Cir.1988) (while *Brady* rule imposes general obligation on the government to disclose evidence that is favorable to accused and material to guilt or punishment, government typically is the sole judge of what evidence in its possession is subject to disclosure).

Petitioner's initial claim as to ineffective assistance of counsel hinges on the existence of an offer of imprisonment for five years or less in exchange for a guilty plea and cooperation. This Court concludes that there is no basis for concluding the such a plea offer ever existed. Furthermore, even if such an offer existed, Petitioner's claim that he would have ac-

cepted but for counsel's inadequate representation, is not sufficient to establish the "reasonable probability" required to show prejudice under *Strickland. See Yarbrough v. United States,* No. 94–1380, 1995 WL 149143, at *2 (6th Cir. Apr.4, 1995); *Toro v. Fairman,* 940 F.2d 1065, 1068 (7th Cir.1991). Petitioner failed to provide some objective basis corroborating his own statement that he would have accepted the alleged plea offer. *See Yarbrough,* 1995 WL 149143, at *2; *Toro,* 940 F.2d at 1068. Therefore, this Court concludes that Petitioner's claim that he received incompetent advice to reject a plea offer is without any basis in fact.

■ Second, Petitioner claims that counsel should have prevented him from testifying and that counsel's failure to do so constitutes ineffective assistance of counsel. In response, Respondent argues that, because Petitioner elected to testify after trial counsel discussed the pros and cons of testifying (*see* Resp.Ex. 4 at ¶ 17), counsel provided reasonable assistance and was not ineffective. "[A] court must indulge strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome presumption that, under those circumstances, challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. Thus, Petitioner bears the burden of proving that counsel's decision to let him testify could not be considered sound trial strategy under the circumstances. Since Petitioner had failed to do so, this Court rejects his second claim as to ineffective assistance of counsel.

Petitioner claims that trial counsel failed to object to the "crack cocaine" enhancement at sentencing. Petitioner claims that counsel's failure to object to Respondent's assertion that the cocaine possessed by Petitioner had been "crack cocaine" consti-

tutes ineffective assistance of counsel. Petitioner also claims that counsel never made him aware of the difference between "crack cocaine" and cocaine base.

In response, Respondent argues that this claim should be dismissed because it alleges nonconstitutional error, which rarely warrants collateral review. *See Grant v. United States,* 72 F.3d 503, 506 (6th Cir.1996). Furthermore, because Petitioner has not made a timely objection to this sentencing issue, his sentencing objections have been waived. *United States v. Cullens,* 67 F.3d 123, 124 (6th Cir.1995) (sentencing objections not raised before sentencing judge are deemed waived); *Smith v. United States,* 876 F.2d 655, 657 (8th Cir.1989) (failure to raise challenges to presentence report at sentencing precludes raising them in a Section 2255 petition); *United States v. Velasquez,* 868 F.2d 714, 715 (5th Cir.1989) (failure to object to presentence report at the sentencing hearing waives any future objections).

■ The distinction between "crack" cocaine and other forms of cocaine base is that "crack" cocaine is subject to the sentencing enhancement of Section 2D1.1 of the United States Sentencing Commission Guidelines. Because of the greater punishment associated with "crack" cocaine, Respondent bears the burden of establishing that the substance at issue is crack cocaine. *See United States v. Stafford,* 258 F.3d 465, 469–71 (6th Cir.2001).

■ Both the original one-count indictment and the superseding indictment expressly refer to "crack cocaine." (Resp.Exs.1, 5.) At his unsuccessful plea hearing and later at trial, Petitioner repeatedly described the controlled substance in question as crack cocaine. Moreover, the jury found Petitioner guilty beyond a reasonable doubt of possession with intent to distribute "crack cocaine" on two separate occasions in two separate

counts. Neither Petitioner nor his counsel objected to characterizing the substance as "crack cocaine." Given the quantity of evidence that the controlled substance at issue was "crack cocaine," it would have been frivolous for trial counsel to have objected at sentencing to characterizing the substance as crack cocaine. Even if this Court were to conclude, *arguendo,* that trial counsel should have objected, counsel's failure to do so would not have prejudiced Petitioner because there was ample evidence from which the Court could have concluded that the controlled substance at issue was crack cocaine. *See generally Stafford,* 258 F.3d 465, 471–72. Therefore, the Court rejects Petitioner's third claim as to ineffective assistance of counsel.

### 3. Downward Departure for Substantial Assistance

Petitioner claims that Respondent should have moved for a downward departure under Section 5K1.1 of the United States Sentencing Commission Guidelines based on Petitioner's substantial assistance. Respondent had agreed to do so at Petitioner's first plea hearing as part of the plea agreement, but since the plea was rejected, Respondent declined to file a motion for departure.

■■■ Both parties cite *Wade v. United States,* 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), in support of their arguments. The Supreme Court in *Wade* stated that the government has the power, but not the duty, to file a motion when a defendant has substantially assisted. *See id.* at 185, 112 S.Ct. 1840. The Supreme Court also held that a federal district court has the authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if it finds that the refusal was based on an unconstitutional motive. *See id.* at 185–86, 112 S.Ct. 1840.

Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion. It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive. *Id.* at 186, 112 S.Ct. 1840. Petitioner here makes no allegations of unconstitutional motives behind Respondent's refusal to move for a downward departure. Absent a showing that the refusal to file a motion for downward departure was based on unconstitutional considerations, Petitioner may not challenge Respondent's failure to file such a motion. *See United States v. Johnson,* 46 F.3d 19, 21 (6th Cir.1995). Therefore, the Court rejects Petitioner's third claim.

### 4. Three–Point Reduction for Acceptance of Responsibility

■■■ Petitioner claims that he had admitted responsibility for the offense before trial and when he testified during trial, so he should have received three points reduction under Section 3E1.1 of the United States Sentencing Commission Guidelines.

Respondent responds that Petitioner failed to acknowledge all the elements of the offense, as discussed above, and thus Petitioner can be denied acceptance of responsibility points. *See United States v. Sloman,* 909 F.2d 176, 182 (6th Cir.1990). For example, Petitioner never admitted possession with intent to distribute the 611 grams of crack cocaine, but rather maintained that the cocaine belonged to co-defendant Timothy Redmond. Furthermore, Respondent argues that Petitioner was not eligible for downward departure under Section 3E1.1 because Petitioner had jumped bond and received an obstruction enhancement under Section 3C1.1. *See*

*United States v. Bradshaw,* 102 F.3d 204, 214 (6th Cir.1996).

This Court finds that Respondent properly exercised its discretion in not moving for downward departure under Section 3E1.1. This Court agrees that Petitioner's failure to acknowledge all the elements of the offense constituted a failure to accept responsibility for his offense. Accordingly, this Court rejects Petitioner's fourth claim.

### 5. The Affect of *Apprendi*

In his Notice of Motion for Judicial Notice, Petitioner seeks to amend his original Motion to Vacate, Set Aside, or Correct Sentence to claim that his conviction and sentence were unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). In *Apprendi,* following *Jones,* the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348.

■■■ Even if this Court were to assume that *Apprendi* applies retroactively to cases on collateral review, Petitioner would not be entitled to relief. In the instant case, Petitioner was sentenced to 292 months' imprisonment on Count Four, which admittedly is beyond the 240–month maximum for an unspecified amount of cocaine. Nevertheless, in Count Four, Petitioner was charged explicitly with possessing with intent to distribute "approximately 611 grams of crack cocaine," and the jury found Petitioner guilty of this charge beyond a reasonable doubt. Therefore, the holding of *Apprendi* does not apply to Petitioner's case.

■■■ Furthermore, even if the Court were to assume that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), could be applied to Petitioner's case, it would have no effect. In other words, even if the Court were to conclude that Petitioner could not be sentenced to more than 20 years' imprisonment on each of the cocaine charges, Section 5G1.2(d) of the United States Sentencing Commission Guidelines Manual would require the Court to impose consecutive sentences—rather than concurrent sentences—under the sort of circumstances presented here. Section 5G1.2(d) provides that,

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment [provided by the guidelines], then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

U.S.S.G. § 5G1.2(d) (2000) (emphasis added). It appears that every court that has considered this issue has concluded that *Apprendi* is not implicated when the total punishment under the guidelines exceeds the statutory maximum on the count carrying the highest statutory maximum and the trial court imposes a total sentence that exceeds the highest statutory maximum in order to arrive at the correct total punishment. *United States v. Page,* 232 F.3d 536, 544–45 (6th Cir.2000) (same), *cert. denied,* —— U.S. ——, 121 S.Ct. 1389, 149 L.Ed.2d 312 (2001) (holding that appellant was not prejudiced by a total sentence exceeding the statutory maximum because he was convicted of multiple counts and Section 5G1.2(d) would have obligated the district court to achieve the same sentence through consecutive sentences); *United States v. Sturgis,* 238 F.3d 956, 960–61 (8th

Cir.2001) (same); *United States v. White,* 238 F.3d 537, 542–43 (4th Cir.2001) (same); *see also United States v. Smith,* 240 F.3d 927, 930 (11th Cir.2001) (per curiam) (holding that sentences exceeding the statutory maximum on each of three counts did not violate *Apprendi* because the sentences did not "exceed the aggregate statutory maximum for the multiple convictions"); *United States v. White,* 240 F.3d 127, 135 (2d Cir.2001) (rejecting *Apprendi* challenge to consecutive sentences under Section 5G1.2(d) because "the district court did not exceed the maximum for any individual count" and because there is "no constitutionally cognizable right to concurrent, rather than consecutive, sentences").

In the instant case, Section 5G1.2(d) of the United States Sentencing Commission Guidelines Manual would obligate this Court to best approximate the guideline range by imposing a term of imprisonment of 292 months. Therefore, Petitioner was not prejudiced even if *Apprendi* were to apply to his case.

### 6. Petitioner's Motion for Return of Property

Petitioner moves the Court for the return of $1,255.00 seized at the time of his arrest on September 28, 1993. In response, Respondent argues that Petitioner's claim is barred by the equitable defense of laches. This Court agrees and hereby denies Petitioner's Motion for Return of Property.

■■■ According to the Sixth Circuit, "[t]he defense of laches is available in response to a motion for the return of property." *United States of America v. Hanserd,* No. 97–1600, 1998 WL 228168, at *2 (6th Cir. May 1, 1998) (citing *Vance v. United States,* 965 F.Supp. 944, 946 (E.D.Mich.1997)). "Dismissal of a claim on the ground of laches requires that there be (1) an unreasonable and unexcused delay in bringing the claim, and (2) material

prejudice as a result of the delay." *Id.* (citing *A.C. Aukerman Co. v. R.L. Chaides Construction Co.,* 960 F.2d 1020, 1028 (Fed.Cir.1992) (en banc)); *see Vance,* 965 F.Supp. at 946. "When applying the equitable doctrine of laches in order to bar a claim, the period of delay is measured from when the claimant had actual notice of the claim or would have reasonably expected to inquire about the subject matter." *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.,* 988 F.2d 1157, 1161 (Fed.Cir.1993); *see Hanserd,* 1998 WL 228168, at *2.

■■■ First, the Court must determine whether Petitioner's delay in bringing the claim was unreasonable and unexcused. The period of delay is measured from when Petitioner had actual notice of the claim or would have reasonably expected to inquire about the subject matter. As Petitioner's own Attachment B shows, Petitioner knew of the forfeiture of the $1,255.00 at the time of his sentencing on October 4, 1994. (*See* Pet'r Attach. B at 9–10.) Hence, Petitioner either had actual notice or would have been reasonably expected to inquire about the claim from that date, at the latest. Petitioner's Motion for Return of Property, however, was filed on May 18, 2001, more than six years later. Such a delay is unreasonable and unexcusable given the facts of this case. *See Hanserd,* 1998 WL 228168, at *2 (six year delay was unreasonable and unexcusable); *Vance,* 965 F.Supp. at 947 (five year delay was unreasonable and unexcusable); *United States v. Mulligan,* 178 F.R.D. 164, 166–67 (E.D.Mich.1998) (three year delay was unreasonable and unexcusable).

Second, the Court must determine whether the Government was materially prejudiced as a result of Petitioner's delay. The Government has long disposed of this property prior to Petitioner requesting its return. (*See* Resp.Br. at 3.) Therefore,

this Court concludes that the Government was materially prejudiced as a result of Petitioner's delay. *See Vance*, 965 F.Supp. at 947.

Therefore, this Court denies Petitioner's Motion for Return of Property.

### 7. Certificate of Appealability

 Finally, a certificate of appealability is required to appeal the final judgment of the district court in a Section 2255 proceeding. *See* 28 U.S.C. § 2253(c)(1)(B); Fed.R.App.P. 22(b)(1); *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063, 1076 (6th Cir.), *cert. denied*, 520 U.S. 1224, 117 S.Ct. 1724, 137 L.Ed.2d 845 (1997); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir.1997). A certificate of appealability may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner is required to show that the issues presented are debatable among jurists of reason, that courts could resolve the issues differently, or that the questions deserve encouragement to proceed further. *See Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). Upon review, this Court concludes that the issues presented in Petitioner's motion are not debatable among jurists of reason, that courts would not resolve the issues differently, and that the questions are not adequate to deserve encouragement to proceed further.

### Conclusion

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Petitioner's motion to amend to add a claim under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), [Docket Entry 118] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket Entry 114] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Return of Property [Docket Entry 121] is **DENIED**.

**IT IS FURTHER ORDERED** that this civil action is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED.**