**Ricky L. BARNARD, Petitioner–Appellant,**

v.

**Robert CONLEY, Warden, Respondent–Appellee.**

**No. 00–5601.**

United States Court of Appeals, Sixth Circuit.

April 9, 2002.

Ryan, Circuit Judge, concurred in the judgment and filed a separate opinion.

Before RYAN, BOGGS, and DAUGHTREY, Circuit Judges.

PER CURIAM.

Barnard, a pro-se Kentucky prisoner, appeals a district court decision denying his petition for a writ of habeas corpus. Because Barnard's claims are time-barred, we affirm the denial of the writ.

### I

On April 9, 1985, Ricky L. Barnard was indicted in state court on a charge of murder for the death of his wife, Lori Ann Barnard. The prosecution filed a notice of intent to seek the death penalty on the grounds that Barnard had committed the offense for monetary gain. This motion was denied.

Barnard was convicted of murder, and the jury recommended a sentence of life imprisonment. Barnard was subsequently sentenced to life in prison.

Barnard was granted leave to file an appeal *in forma pauperis,* and his counsel filed a notice of appeal. On the advice of his appellate counsel, Mr. Niehaus, Barnard filed a motion to dismiss his appeal, accompanied by a signed affidavit from Barnard, stating that he had decided to voluntarily dismiss his appeal, after discussion with his attorney. The Kentucky Supreme Court granted Barnard's motion to dismiss the appeal, and dismissed the appeal with prejudice.

Ten years later, on April 24, 1997, Barnard filed a first petition for a writ of habeas corpus, alleging that his conviction violated the Fourth and Sixth Amendments of the United States Constitution. This petition came on the last date possible for Barnard: one year after the date of effect of the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposed a 1-year statute of limitations on the filing of habeas petitions for prisoners. 28 U.S.C. § 2244(d)(1)(A).

On August 11, 1997, this petition was dismissed, without prejudice, on the grounds that Barnard had failed to exhaust his state remedies.

During the pendency of this petition, on June 26, 1997, Barnard filed a motion to reinstate his direct appeal in the Kentucky Supreme Court. He claimed that his appellate counsel had given him erroneous advice about his possibility of success on appeal. In support of his claims, Barnard filed a memorandum in which he claimed that he had opposed dismissing his appeal, but had been persuaded by his attorney to voluntarily dismiss his appeal. He also presented an unsigned but notarized copy of the affidavit that accompanied his motion to dismiss his appeal, and argued that the affidavit had been notarized before he signed, rendering it ineffective.

On September 24, 1997, the Kentucky Supreme Court denied petitioner's motion to reinstate his appeal. On November 14, 1997, Barnard's motion for leave to file an out-of-time motion to reconsider the order was denied.

On May 21, 1998, Barnard again filed a petition for a writ of habeas corpus in federal district court. The magistrate judge filed a recommendation that the petition be dismissed with prejudice.

The district court approved the magistrate judge's findings and determination. Barnard filed a timely notice of appeal and the Sixth Circuit issued a certificate of appealibility.

## II

28 U.S.C. § 2244(d)(1) provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . .

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A). The Sixth Circuit has held that this period of limitations only applies prospectively, so that the end of the limitations period for convictions that became final prior to the passage of AEDPA was April 24, 1997 (one year from the date AEDPA took effect). *Austin v. Mitchell,* 200 F.3d 391 (6th Cir. 1999). According to the State, Barnard's first federal habeas petition (which he does not mention in his appeal), No. 3:97 CV–P246–H, was filed on April 24, 1997.

Barnard's petition to reinstate his state appeal tolled the period of limitations under 28 U.S.C. § 2244(d)(2), which provides:

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to

the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

On the date of dismissal of Barnard's state suit to reinstate his direct appeal date, September 24, 1997, the AEDPA period of limitations clock was no longer tolled. Following the decision on the state proceeding, almost eight additional months elapsed before Barnard filed his petition for a writ of habeas corpus for the second time on May 21, 1998. The total time elapsed, for purposes of the period of limitations, between the time AEDPA became effective and the time Barnard's petition for habeas corpus was filed, is well over one year, even after the tolled time is subtracted. Barnard's claims are time-barred. *Palmer v. Carlton,* 276 F.3d 777 (6th Cir.2002).

### III

Barnard's claims are time-barred. His conviction became final in 1987, and the period of limitations of one year under AEDPA ran before he filed this petition for a writ of habeas corpus. The denial of Barnard's petition for writ of habeas corpus is therefore AFFIRMED.

RYAN, Circuit Judge, concurring in the judgment.

RYAN, Circuit Judge.

While I join in Judge Boggs's judgment dismissing Ricky L. Barnard's petition for a writ of *habeas corpus,* I write separately because I believe that his opinion reaches an issue we are prohibited by statute from considering. By holding that Barnard's petition is barred by the one-year statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Judge Boggs addresses an issue not certified for appeal to this court. Because I find that the statute governing *habeas corpus* restricts our review to those *issues* certified for appeal, I concur only in the judgment.

### I.

A *habeas corpus* petitioner must obtain permission to appeal:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.

28 U.S.C. § 2253(c)(1)(A) (West Supp. 2001). Thus, Fed. R.App. P. 22(b)(1) states, in part:

In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, ... the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c).

The certificate of appealability (COA) not only circumscribes the issues which the *parties* may advance in this court, it also circumscribes the issues we may properly review. In obedience to the statute and the appellate rule, the Chief Judge of this circuit has ordered: "In the briefing letter to the *parties,* the clerk shall state that the court of appeals *will not entertain any issue* that lacks district court or court of appeals certification." *In re Certificates of Appealability,* 106 F.3d 1306, 1308 (6th Cir.1997) (emphasis added). Relying on this ruling, we have refused to consider the timeliness of a petitioner's 28 U.S.C. § 2255 petition when the issue was not listed in the certificate of appealability. *Johnson v. United States,* 246 F.3d 655,

661 (6th Cir.2001). "As we have repeatedly recognized, when AEDPA applies, a court of appeals will address only the *issues* which are specified in the certificate of appealability." *Searcy v. Carter*, 246 F.3d 515, 518 (6th Cir.) (emphasis added) (internal quotation marks and citation omitted), *cert. denied*, —— U.S. ——, 122 S.Ct. 237, 151 L.Ed.2d 171 (2001).

Admittedly, in most instances "[a] decision below must be affirmed if correct for any reason, including a reason not considered by the lower court." *Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.*, 772 F.2d 214, 216 (6th Cir.1985) (*per curiam*). It is said that this familiar rule provides us with ample discretion to decide *habeas* appeals on any grounds presented by the record, even those not certified for appeal. As a matter of fact, relying on this principle the Ninth Circuit recently held that it could reach the statute of limitations question on *habeas* review, even if it had not been identified in the certificate of appealability. *White v. Klitzkie*, 281 F.3d 920, 922 (9th Cir.2002). In addition, in unpublished opinions in this circuit we have previously disposed of *habeas* petitions resting on issues not certified for appeal. *See, e.g., Wilson v. United States*, 8 Fed.Appx. 304 (6th Cir.2001) (unpublished disposition); *Bostic v. Abramajtys*, No. 97–2203, 1999 WL 96738 (6th Cir. Feb.3, 1999) (unpublished disposition). But these dispositions are not correct, because in the *habeas* context, the rule announced in *Russ'* contravenes the AEDPA and the appeal regime created by § 2253(c).

The grant of a COA is appropriate *only* upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West Supp.2001). If the district or circuit court issues the COA upon the making of that showing, the COA "shall indicate *which specific issues* satisfy the showing required by [§ 2253(c)(2) ]." 28 U.S.C. § 2253(c)(3) (West Supp.2001) (emphasis added). To decide *habeas* appeals on issues not presented in the COA circumvents the appellate practice dictated by Congress.

## II.

Chief Judge Martin certified the following issues for appeal:

1. whether Barnard's appellate counsel rendered ineffective assistance in advising him to voluntarily dismiss his appeal; and

2. whether Barnard's Fourth Amendment rights were violated when the trial court denied his motion to suppress evidence obtained from an illegal search and seizure.

Despite the COA, Kentucky argued in its brief that Barnard's petition is precluded by the one-year statute of limitations. Based on the AEDPA and our precedent, we are not free to consider that argument. While we would have the duty to consider Kentucky's statute of limitations argument if it were jurisdictional, we have held elsewhere that the one-year period of limitations found in § 2255 and applicable to § 2254 is not a jurisdictional requirement. *Dunlap v. United States*, 250 F.3d 1001, 1004–05 (6th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001).

I would not entertain a statute of limitations argument at this stage of the proceeding, when it has not been certified for appeal and did not provide the basis for the lower court's decision. I would decide this case on the grounds certified for appeal. Barnard fails to state a claim that his appellate counsel was ineffective. He voluntarily waived his direct appeal in 1987 after careful consultation with his counsel, whose advice and actions were well within the bounds of reason. Furthermore, Bar-

nard's Fourth Amendment argument is procedurally barred from *habeas* review because he failed to properly present it in state court. "It is well settled that 'federal courts do not have jurisdiction to consider a claim in a *habeas* petition that was not "fairly presented" to the state courts.'" *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir.2001) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir.2000), *cert. denied*, 532 U.S. 958, 121 S.Ct. 1487, 149 L.Ed.2d 374 (2001)). Barnard shows no cause or prejudice from this procedural default.

### III.

I concur only in the judgment dismissing Barnard's petition for a writ of *habeas corpus*.